LOBRANO, Judge.
Plaintiff, Myrtle Dinsmore, filed the instant foreclosure proceedings via ordinaria. She seeks a personal judgment against six in-solido obligors as well as recognition of the validity of her mortgage. Jayawanti Dedhia and Harakh B. Dedhia (Dedhia), two of the six defendants, perfect the instant appeal from the trial court judgment in plaintiffs favor.[1] They assert three assignments of errors:
1) The trial court erred by proceeding to trial on June 8, 1989 rather than granting a continuance.
2) The trial court erred by overruling their exception of venue.
3) The attorney fees awarded are excessive.
Plaintiffs suit was filed on November 16, 1988 in St. Bernard Parish where the mortgaged property is located. On February 23, 1989 Dedhia filed an answer in the form of a general denial. No affirmative defenses were asserted. On March 28, 1989 plaintiff filed a motion to set the matter for trial on the merits. On April 2, 1989 the court signed an order setting the matter for trial on June 8, 1989. Dedhia’s attorney was notified of this trial date by registered mail on April 6, 1989.
On April 4, 1989 Dedhia filed an exception of improper venue and/or lack of personal jurisdiction. On May 23, 1989 the trial court signed an order setting the exceptions for hearing the same day as trial on the merits, i.e. June 8, 1989. Dedhia filed a motion to continue the trial arguing that only the exceptions should be heard on June 8th, and that trial on the merits should be postponed.
Two days prior to trial Dedhia filed a reconventional demand asserting redhibi-tory defects in the mortgaged property. The trial court severed trial of the recon-ventional demand. See, La.C.C.Pro. Arts. 1033, 1038.
Both the exceptions and merits were tried on June 8, 1989. The trial court de *973 nied the exceptions of improper venue and lack of personal jurisdiction filed by Ded-hia. Judgment was rendered in plaintiff’s favor in the sum of $236,050.49, plus 10% interest, plus 25% attorney fees. The judgment also recognized and maintained plaintiffs mortgage and privilege on the encumbered property.
ASSIGNMENT OP ERROR NO. 1:
Dedhia argues that the trial on the merits should have been continued until the exceptions were disposed of and that the court erred by hearing both on the same day. Dedhia urges that the court never acted on his motion to continue the trial and further that he understood the court’s order of May 23, 1989, which set the exceptions for hearing on the date of trial, to mean that only the exceptions would be heard.
We find no merit to these arguments. Dedhia knew the scheduled trial date well in advance. The court clearly did not continue that trial date nor does the May 23rd order imply anything other than the fact that the exceptions would also be heard on that date. More important, however, is the fact that Dedhia does not show how they were prejudiced by going to trial on June 8, 1989. In general, a continuance is discretionary with the trial judge. La. C.C.Pro. Art. 1601. Only two instances, where a witness has absented himself or where material evidence is unobtainable, require the granting of a continuance. La. C.C.Pro. Art. 1602. Neither instance is present in this case. We find no abuse of discretion by the trial judge.
Dedhia further argues that the continuance should have been granted because the reconventional demand had not yet been served on plaintiff. The Court permitted the filing of the reconventional demand, but severed it and allowed plaintiff to proceed on the main demand. In severing the reconventional demand, the trial court acted in accordance with the principles set out in Louisiana Code of Civil Procedure Articles 1033 and 1038, which state in pertinent part:

La.C.C.Pro. Art. 1033

“An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed ther-after, with leave of court, if it will not retard the progress of the principal action....”

La.C.C.Pro. Art. 1038

“The Court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tired, shall retain jurisdiction for the adjudication of the other.
When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon.”
The trial court had the discretion to permit the filing of the reconventional demand, and its severance for trial purposes. We find no abuse of that discretion.
ASSIGNMENT OP ERROR NO. 2:
Dedhia complains that the trial court erred in overruling his exception of improper venue and lack of personal jurisdiction. We disagree.
Improper venue and lack of personal jurisdiction are declinatory exceptions which are waived if not pleaded prior to a general appearance. La. C.C.Pro. Art. 925. The record is clear that Dedhia filed an answer prior to filing these declinatory exceptions, thus they are waived.
ASSIGNMENT OP ERROR NO. 3:
Dedhia argues that an attorney fee of 25% of $236,050.49 or approximately $59,-000.00 is excessive. Based on the record before us, we are inclined to agree.
This court has the authority to inquire into the reasonableness of the attorney fees. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987). If the award is clearly excessive or grossly out of proportion to fees charged for similar services, this court should intervene. Gibson v. Burns, 505 So.2d 66 (La.App. 4th Cir.1987).
*974 The record contains no evidence, other than the stipulated 25% in the note, to support the attorney fee award. Without other evidence we cannot determine if the amount is so excessive as to warrant our intervention. We therefore remand to the trial court to conduct a hearing, receive evidence and then determine if a 25% fee is excessive. If the court determines it to be excessive, then a reasonable amount should be awarded.
For the foregoing reasons we reverse the award of 25% attorney fees and remand for a hearing on that issue consistent with our opinion. In all other respects, the trial court judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. The other defendants were Bholanath Dhume and Prabhia Raiker Dhume (The Dhumes), and Ngoc Thi Vu Le and Tan Van Le (The Les). Dinsmore originally proceeded only against the Dedhias as solidary obligors because she did not know the location of the other defendants. She later proceeded against the Dhumes as well. The Les have not yet been served.