615 So.2d 1056 (1993)
Robert RODRIGUE, Individually and as the Court Appointed Tutor of the Minors, Jaime and Jessica Toms, and Elaine Rodrigue, Individually
v.
EAST JEFFERSON GENERAL HOSPITAL, Dr. Joseph F. Uddo, Hospital Service District No. 1 d/b/a Terrebonne General Medical Center, Dr. Victor Tedesco, III, Dr. Russell P. Henry, Dr. Charles Ledoux, Jr., and Dr. Karl Gerald Haydel.
No. 92 CA 0200.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*1057 Meredith Lieux, Baton Rouge, for plaintiffs and appelleesRobert Rodrigue et al.
Lucas J. Giordano, Metairie, for defendant and appellantJefferson Gen. Hosp.
William M. Eroche, Houma, for defendant and appelleeTerrebonne Gen. Medical Center.
Before CARTER, LeBLANC and PITCHER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment overruling a declinatory exception raising the objection of improper venue.

FACTS
Kimberly Rodrigue Toms, a 28-year-old mother of two young daughters, was involved in an automobile accident on November 12, 1988. Her husband was killed in the accident, and Toms sustained severe trauma to her chest and abdomen, as well as heart and liver injuries.
Toms was admitted to Jefferson Parish Hospital District No. 2, d/b/a East Jefferson General Hospital ("EJGH"), on November 12, 1988, under the supervision and care of Dr. Joseph Uddo. She was discharged on November 15, 1988, and Toms was then taken to her parents' home to recuperate from her injuries. On November 18, 1988, Toms again saw Dr. Joseph Uddo. He examined her, but despite her continuing complaints of pain, he ordered no additional tests.
The following evening, Toms collapsed at her parents' home and was immediately taken to Hospital Service District No. 1, d/b/a Terrebonne General Medical Center ("Terrebonne General"), where she was under the care and supervision of Drs. Russell P. Henry, Charles LeDoux, Jr., Victor Tedesco, III, and Karl Gerald Haydel. Toms underwent liver surgery at Terrebonne General twice, once on November 19, 1988, and again on December 4, 1988. She died on December 4, 1988, during the second surgery. The death certificate indicates that Toms died as the result of exsanguination from a ruptured liver, a pericardial tamponade, and the delayed rupture of a cardiac contusion.
On May 24, 1991, plaintiffs, Robert Rodrigue and Elaine Rodrigue,[1] individually and on behalf of their orphaned grandchildren, Jaime and Jessica Toms, all of whom are domiciled in Terrebonne Parish, filed the instant medical malpractice action in Terrebonne Parish for the wrongful death of Kimberly Toms. Named as defendants were Dr. Victor Tedesco, III, Dr. Russell P. Henry, Dr. Charles LeDoux, Jr., Dr. Karl Gerald Haydel, Terrebonne General, EJGH, and Dr. Joseph F. Uddo. In their petition, plaintiffs alleged that the defendants provided substandard medical care to Kimberly Toms in treating certain liver and heart injuries resulting from an automobile accident, thus causing her death.
EJGH filed a declinatory exception raising the objection of improper venue. In its exception, EJGH alleged that it was domiciled in Jefferson Parish and that, pursuant to LSA-R.S. 13:5104 B and LSA-R.S. 46:1063, all suits against it must be filed in Jefferson Parish. Dr. Joseph Uddo also filed a declinatory exception raising the objection of improper venue and, alternatively, a motion for transfer.
After a hearing on the exceptions, by judgments dated October 3, 1991, the trial court overruled both exceptions.[2] EJGH then sought a supervisory writ of review *1058 from the First Circuit. Because a trial court judgment overruling a declinatory exception pleading the objection of improper venue is an appealable interlocutory judgment, this court remanded the matter to the trial court with instructions to grant EJGH an appeal. On appeal, EJGH contends that the trial judge erred in overruling its exception raising the objection of improper venue in that the proper venue for suit against EJGH is Jefferson Parish.

EXCEPTION PLEADING THE OBJECTION OF IMPROPER VENUE
Venue means the parish where an action or proceeding may properly be brought and tried pursuant to the rules regulating the subject. LSA-C.C.P. art. 41. The objection of improper venue raised in a declinatory exception declines the jurisdiction of the court because the action has not been filed in the correct parish. LSA-C.C.P. arts. 923 and 925(4); Belser v. St. Paul Fire & Marine Insurance Company, 509 So.2d 12, 15 (La.App. 1st Cir.1987). Improper venue is an objection raised by a declinatory exception and is waived if not pleaded prior to general appearance. LSA-C.C.P. art. 925; Dinsmore v. Dhume, 561 So.2d 971, 973 (La.App. 4th Cir.1990).
On appeal, EJGH contends that the only proper venue is Jefferson Parish, that the plaintiffs' action, which was filed in Terrebonne Parish, was filed in the improper venue, and that the trial court erred in overruling its exception pleading the objection of improper venue. EJGH reasons that because it is a hospital service district, which is a political subdivision of Jefferson Parish, pursuant to LSA-R.S. 46:1063, any and all suits brought against it must be filed in Jefferson Parish. As such, EJGH reasons that plaintiffs' suit, which was filed in Terrebonne Parish, was in a court of improper venue.
LSA-R.S. 46:1063 provides as follows:
The police jury creating a hospital service district, with corporate powers, shall designate the domicile of such corporation, at which domicile it shall be sued and service of citation made on the director.... (Emphasis added.)
As a hospital service district, the plain wording of LSA-R.S. 46:1063 requires that EJGH be sued "at its domicile," which is Jefferson Parish.
However, our inquiry does not end here. In overruling EJGH's exception pleading the objection of improper venue, the trial court applied the general venue statute for suits against political subdivisions of the state, LSA-R.S. 13:5104, rather than the more specific statute dealing with venue for hospital service districts, LSA-R.S. 46:1063. The court reasoned that applying the law in this manner permits both of the defendant hospital service districts to be sued in Terrebonne Parish. He noted that allowing each of the two hospital service districts to be sued in the parish of its own domicile, as required under LSA-R.S. 46:1063, would create duplicity of legal actions and unnecessary expenses and costs.
LSA-R.S. 13:5104 B, which sets forth the general venue rule for suits against the state or its political subdivisions, provided, at all times pertinent hereto, as follows:
All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
Since LSA-R.S. 46:1064 A declares hospital service districts to be political subdivisions of the state, LSA-R.S. 13:5104 is likewise applicable to the instant action against EJGH. This provision provides for two venue choices in suits against political subdivisions of the state: (1) the parish of the political subdivision's domicile; or (2) the parish in which the cause arises.
As set forth earlier, under LSA-R.S. 46:1063, EJGH's domicile is Jefferson Parish. Alternatively, under LSA-R.S. 13:5104 B, Terrebonne Parish could be a proper venue if the "cause" arose in Terrebonne Parish.
Therefore, we must next determine whether plaintiffs' "cause" of action against EJGH arose in Terrebonne Parish. *1059 Belser v. St. Paul Fire & Marine Insurance Company, 509 So.2d at 12, involved a malpractice action brought in St. Helena Parish against a physician for damages allegedly resulting from a surgery performed in East Baton Rouge Parish. Plaintiff asserted that venue was proper in St. Helena Parish since damages were sustained there when his condition degenerated. In determining that St. Helena Parish was not the proper venue for such an action, the court explained that "if any damage is caused to the plaintiff in the parish where the wrongful conduct occurred, that parish, and no other, is `the parish where damages were sustained' for purposes of LSA-C.C.P. article 74." Belser v. St. Paul Fire & Marine Insurance Company, 509 So.2d at 18-19. In reversing the trial court, the appellate court determined that venue was proper in the parish where the surgery was performed, despite the fact that the damage progressed in another parish. See also Chambers v. LeBlanc, 598 So.2d 337, 338 (La.1992).
In the instant case, plaintiffs allege the following wrongful acts against Dr. Joseph Uddo, all of which allegedly occurred at in Jefferson Parish: (1) failure to perform an EKG and other heart tests; (2) failure to diagnose and treat a heart contusion; (3) negligence in choosing to treat a hematoma of the liver with a non-operative approach; (4) failure to monitor properly a traumatized liver; (5) negligence in releasing the patient with significant hematoma in the liver and an undiagnosed and untreated heart contusion. However, none of these actions allegedly committed in Jefferson Parish gave rise to a "cause" of action against EJGH in Terrebonne Parish. Although plaintiffs also alleged that numerous wrongful actions occurred at Terrebonne General, each hospital had separate dealings with Toms. The alleged malpractice of Terrebonne General arose from actions which were separate and distinct from those allegedly committed at EJGH. There is no indication in the pleadings that the two hospital service districts acted in concert to cause the alleged injuries and damage to Toms. See Duhon v. Lafayette General Hospital, 286 So.2d 166, 169 (La. App. 3rd Cir.1973).
Therefore, we find that the alleged wrongful acts giving rise to plaintiffs' "cause" against EJGH occurred during Tom's treatment at EJGH in Jefferson Parish. As a result, under LSA-R.S. 13:5104 B, the proper venue for the cause of action for medical malpractice against EJGH is also Jefferson Parish. Therefore, under LSA-R.S. 13:5104 B, Terrebonne Parish is not the proper venue.

CONCLUSION
For the above reasons, the trial court judgment overruling the exception raising the objection of improper venue as to EJGH is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Plaintiffs are cast for all costs.
REVERSED AND REMANDED.
LeBLANC, J., concurs with additional reasons.
LeBLANC, Judge, concurring.
I wholeheartedly concur but write separately to express my concerns with the results of this holding. La.R.S. 46:1063 mandates that a hospital operated by a hospital service district be sued in the place of its domicile. The effect is to require this plaintiff to file separate law suits in two different parishes. The result could be contrary findings of facts and judgments, and differing assignments of percentage of fault. Although I recognize the trial court's La.C.C.P. art. 121 transfer power, judicial efficiency and possibly conflicting judgments causes me concern.
The miraculous advances in the field of medicine often require specialized equipment and personnel which are only available at specific locations. The incidence of a patient being seen by, or transferred between, multiple hospitals, each of which is operated by a hospital service district, increases with each medical and technical advancement and breakthrough.
The legislature recognized the necessity for exceptions to the general rules of venue *1060 in La.C.C.P. arts. 71-85, and in specific venue statutes. This may be another time when the ends of justice would be better served by providing an exception to a general statutory rule.
NOTES
[1] The Rodrigues are the parents of Kimberly Rodrigue Toms.
[2] Dr. Uddo did not appeal or otherwise request review of the adverse ruling as to his declinatory exception pleading the objection of improper venue. Therefore, this issue is not before the court on appeal.