834 So.2d 480 (2002)
Dr. Frederick RISENER
v.
HOSPITAL SERVICE DISTRICT NO. ONE OF THE PARISH OF TERREBONNE
No. 2001 CA 2755.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
Rehearing Denied December 13, 2002.
*481 Joseph S. Soignet, Frank F. Rathle, Thibodaux, for Appellee Plaintiff Dr. Frederick Risener.
Carl T. Conrad, Houma, for Appellant Defendant Hospital Service District No. 1 of the Parish of Terrebonne.
Before: FOIL, FOGG and KLINE[*], JJ.
FOIL, J.
This appeal challenges a trial court's venue determination. We affirm.

BACKGROUND
On April 23, 2001, Dr. Frederick Risener filed a petition in a Lafourche Parish district court seeking a declaratory judgment, indemnification and damages for breach of contract against his former employer, Hospital Service District No. 1 of the Parish of Terrebonne, owner and operator of Terrebonne General Medical Center (hereinafter sometimes collectively referred to as TGMC). TGMC filed a declinatory exception raising the objection of improper venue, urging that the suit should have been brought in Terrebonne parish, where TGMC is domiciled.
On the venue issue, the record reflects the following: On January 1, 1996, TGMC and Hospital Service District No. 1 of the Parish of Lafourche, the owner and operator of Our Lady of the Sea General Hospital (hereinafter sometimes collectively referred to as LOS), entered into an agreement to jointly operate a primary care clinic at a facility located in the community of Galliano in Lafourche Parish. Later that year, TGMC and Dr. Risener entered into a Physician Employment Agreement. The agreement set forth that Dr. Risener was to conduct a full-time office practice and hospital practice as assigned by TGMC, at TGMC or LOS. The employment contract contains a provision obligating TGMC to obtain and maintain professional malpractice insurance on behalf of Dr. Risener.
In October of 1999, a malpractice complaint was filed against Dr. Risener. He notified TGMC of the lawsuit. TGMC informed Dr. Risener that he had no coverage under TGMC's self-insured plan because he was working independently at LOS at the time of the alleged malpractice *482 and thus, was not in the course and scope of his duties as a physician of TGMC.
At the hearing on the venue exception, TGMC offered the deposition testimony of Jean Shepard, its Risk Manager. Ms. Shepard attested that the decision to deny Dr. Risener a defense or indemnity on the malpractice claim was made at TGMC's administrative offices in Terrebonne Parish. She acknowledged that the employment agreement between TGMC and Dr. Risener contemplated that Dr. Risener would work exclusively in the Galliano clinic, and stated that Dr. Risener had never worked at the TGMC facility.
The trial judge denied the venue exception, finding that Lafourche Parish is a proper venue. This appeal, taken by TGMC, followed.

DISCUSSION
Venue in an action against a hospital district is governed by La. R.S. 13:5104B. See La. R.S. 46:1064. La. R.S. 13:5104B provides for two possible venues: (1) the judicial district in which the political subdivision is located, and (2) the district court having jurisdiction in the parish in which the cause of action arises. A political subdivision can be sued only in one of the two specified parishes and no other exceptions are applicable. White v. Beauregard Memorial Hospital, 02-0902 (La.6/14/02), 821 So.2d 481.
TGMC argues that Terrebonne Parish is the only proper venue because it is the parish of its domicile and is the parish where the "cause of action arises." In support of this argument, TGMC relies on the fact that the decision to deny Dr. Risener a defense or immunity on the malpractice suit was made at the TGMC administrative offices in Terrebonne Parish.[1] Dr. Risener, on the other hand, urges that the cause of action arose in Lafourche Parish because the contract was intended to be performed exclusively in Lafourche Parish and was in fact performed exclusively in Lafourche Parish. He further points out that the alleged act of malpractice giving rise to his breach of contract claim occurred in Lafourche Parish.
In determining where a cause of action arises for the purpose of La. R.S. 13:5104B, several appellate courts have looked to the "place where the operative facts occurred" supporting the plaintiff's right of recovery. Ehlinger & Associates v. State ex rel. Div. Of Admin., Dept. of Facility Planning and Control, 01-52, p. 3 (La.App. 5 Cir. 5/30/01), 788 So.2d 644, 646; Avenal v. State, Department of Natural Resources, 95-0836, p. 3 (La.App. 4 Cir. 11/30/95), 668 So.2d 1150, 1151, writ denied, 96-0198 (La.1/26/96), 667 So.2d 524. Utilizing this test, we find venue is proper in Lafourche Parish, as the operative facts giving rise to Dr. Risener's cause of action against TGMC occurred primarily in that parish. First, Dr. Risener's claim is premised on an obligation to obtain insurance on his behalf contained in an employment contract that the parties contemplated would be performed in Lafourche Parish. Second, TGMC acknowledges that the employment contract was in fact performed exclusively in Lafourche Parish. Third, the alleged act of malpractice, that gave rise to Dr. Risener's claim for breach of TGMC's contractual obligation to obtain insurance on his behalf occurred in Lafourche *483 Parish. The mere fact that TGMC made an "after the fact" decision at its corporate offices in Terrebonne Parish to deny Dr. Risener a defense and indemnification on the malpractice claim does not render Lafourche Parish an improper venue. Accordingly, we conclude that the trial court correctly denied the venue exception.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal, in the amount of $673.10, are assessed against appellant.
AFFIRMED.
NOTES
[*] Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[1] TGMC refers to additional evidence admittedly not in the record to support its venue exception. Because appellate courts do not consider evidence not contained in the record, such statements will not be given any consideration by this court in reviewing the propriety of the trial court's venue determination. Rogers v. Custom Built Garage, 01-0356 (La.App. 1 Cir. 3/28/02), 814 So.2d 693, 695.