994 So.2d 113 (2008)
Susan BLACK
v.
ST. TAMMANY PARISH HOSPITAL, Dr. Robert Capitelli, Patti Ellish, Judy Gracia, and Barbara Oakes.
No. 2008 CW 0855.
Court of Appeal of Louisiana, First Circuit.
August 21, 2008.
Rehearing Denied October 14, 2008.
*114 J. Arthur Smith, III, Baton Rouge, Louisiana, for Plaintiff-Relator Susan Black.
Charles H. Hollis, New Orleans, Louisiana, for Defendants-Respondents, St. Tammany Parish Hospital, Dr. Robert Capitelli, Patti Ellish, Judy Gracia, and Barbara Oakes.
Before PARRO, KUHN, and DOWNING, JJ.
PER CURIAM.
At issue in this whistleblower action initiated by a former employee of a family medical clinic against the clinic's owner, the St. Tammany Parish Hospital, and several of its employees is whether the trial court erred in sustaining the defendants' declinatory exception raising the objection of improper venue, thereby transferring the suit to St. Tammany Parish, when all of the alleged acts of retaliation and the plaintiffs ultimate termination occurred at her former place of employment in Washington Parish.

FACTS
Susan Black ("plaintiff") was employed at the Family Medical Clinic in Washington Parish as a licensed practitioner nurse. Some time during or after July 2004, the plaintiff reported the mishandling and mismanagement of prescription drugs by another clinic employee to the human resources department. Thereafter, it is alleged that the plaintiff became the subject of harassment by her fellow employees and supervisors. On or about July 13, 2006, the plaintiff was placed on leave based on previous purported "write-ups" of unknown nature. Furthermore, on August 1, 2006, the plaintiff's employment with the Family Medical Clinic was terminated without explanation.
Accordingly, on July 30, 2007, the plaintiff, a resident and domiciliary of Washington Parish, filed this whistleblower action in the 22nd Judicial District Court for the *115 Parish of Washington against the St. Tammany Parish Hospital, in its capacity as owner of the Family Medical Clinic. The plaintiff also named as defendants the following employees of St. Tammany Parish Hospital, all of whom are domiciliaries of St. Tammany Parish: (1) Dr. Robert Capitelli, Senior Vice President and Chief Medical Officer of St. Tammany Parish Hospital; (2) Patti Ellish, President and Chief Executive Officer of St. Tammany Parish Hospital; (3) Judy Gracia, Vice President of Human Resources of St. Tammany Parish Hospital; and (4) Barbara Oakes, a manager at the Family Medical Clinic. The defendants collectively answered the suit and asserted a reconventional demand, seeking attorney fees and court costs pursuant to the provisions of La. R.S. 23:1967(D).[1]
The defendants also filed a separate declinatory exception, raising the objection of improper venue, citing La. R.S. 46:1063, which provides that "[t]he police jury creating a hospital service district, with corporate powers, shall designate the domicile of such corporation, at which domicile it shall be sued...." The defendants argued that under the plain wording of the statute, the St. Tammany Parish Hospital must be sued in St. Tammany Parish where it is domiciled. The plaintiff opposed the exception, citing La. R.S. 13:5104(B), which provides that "[a]ll suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises." (emphasis added).[2] Under La. R.S. 13:5104(B), the plaintiff argued that the cause of action arose in Washington Parish, where the alleged acts of harassment and retaliation occurred, therefore making venue appropriate there.
The exception was set for hearing on January 14, 2008. Following argument, the trial court sustained in open court the defendants' exception raising the objection of improper venue. In his oral reasons, the trial court judge explained that La. R.S. 13:5104 warrants venue in Washington Parish, but under a balancing test, St. Tammany Parish is a better forum, since the defendants are predominantly located there. Thereafter, a written judgment sustaining the declinatory exception and transferring the suit to the Parish of St. Tammany was signed on January 30, 2008. This timely writ application followed.[3]

*116 DISCUSSION
Venue means the parish where an action or proceeding may properly be brought and tried pursuant to the rules regulating the subject. La.Code Civ. P. art. 41. The objection of improper venue raised in a declinatory exception declines the jurisdiction of the court, because the action has not been filed in the correct parish. See La.Code Civ. P. arts. 923 and 925(A)(4). When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice, transfer it to a court of proper venue. La.Code Civ. P. art. 121. Also, under the doctrine of forum non conveniens, for the convenience of the parties and the witnesses, in the interest of justice, a district court, upon contradictory motion or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to La.Code Civ. P. art. 123.
In asserting on writs in this case that Washington Parish is a proper venue, the plaintiff cites La. R.S. 13:5104(B), which provides, in pertinent part, that suits against a political subdivision of the state may be filed "in the district court having jurisdiction in the parish in which the cause of action arises." Applying that statute, the plaintiff alleges that all of the events that gave rise to this litigation, including the alleged harassment by her co-employees and her ultimate termination by her employer, occurred at the Family Medical Clinic in Washington Parish. Under these facts, the plaintiff argues that the cause of action clearly arose in Washington Parish, making that parish an appropriate venue under La. R.S. 13:5104(B).
In support of the argument that La. R.S. 13:5104(B) is applicable, the plaintiff relies primarily on the case of Rodrigue v. East Jefferson Gen. Hosp., 615 So.2d 1056 (La.App. 1 Cir. 3/5/93). In Rodrigue, a decedent's surviving family members brought a medical malpractice action in Terrebonne Parish against the two hospitals that treated the decedent, East Jefferson General Hospital ("EJGH") and Terrebonne General Medical Center, and several of their employees. In response, EJGH and one of its physicians filed separate declinatory exceptions raising the objection of improper venue. Upon original consideration, the trial court overruled the exceptions, and an appeal was taken to this court. On appeal, this court reasoned that venue as to EJGH was proper in Jefferson Parish under La. R.S. 46:1063, because that is where the hospital was domiciled. 615 So.2d at 1058. However, this court did *117 not end its inquiry there, but looked further at the venue provisions under La. R.S. 13:5104(B). Id. This court explained that La.R.S. 13:5104(B) allowed for two venue choices in suits against political subdivisions: (1) the parish of the political subdivision's domicile; or (2) the parish in which the cause arises. Id. Thus, this court reasoned that Terrebonne Parish could be a proper venue if the "cause" arose in Terrebonne Parish.[4]Id. In looking at where the cause arose, this court pointed out that all of the wrongful acts allegedly committed by EJGH employees, including the failure to diagnose and treat a heart contusion and negligence in failing to choose to treat a hematoma of the liver with a non-operative approach, occurred at that hospital. 615 So.2d at 1059. This court further reasoned that none of those actions allegedly committed in Jefferson Parish gave rise to a "cause" of action against EJGH in Terrebonne Parish; rather, any alleged malpractice of Terrebonne General was separate and distinct from that allegedly committed at EJGH. Id. Therefore, this court concluded that the alleged acts giving rise to the plaintiffs' cause against EJGH occurred during the decedent's treatment in Jefferson Parish and that, as a result, the proper venue as to that defendant under La. R.S. 13:5104(8) was Jefferson Parish. Id. Accordingly, this court reversed the trial court's judgment overruling the exception raising the objection of improper venue and remanded the matter to the trial court for further proceedings.
Applying the rationale of Rodrigue to the facts of the instant case, the plaintiff argues that La. R.S. 13:5104(B) provides an alternative venue to suits against parish-owned hospitals in the parish where the cause of action arises. Furthermore, insofar as all of the alleged acts of retaliation and her ultimate termination occurred in Washington Parish, the plaintiff submits that Washington Parish is where the instant cause of action arose and is a proper venue under La. R.S. 13:5104(B).
In opposition to the writ application, the defendants deny any suggestion that La. R.S. 13:5104(B) is applicable in this case. Rather, based on a straightforward application of La. R.S. 46:1063, the defendants submit that the trial court correctly concluded that venue is proper only in St. Tammany Parish, where the St. Tammany Parish Hospital is domiciled.
In support of the argument that La. R.S. 46:1063 is controlling, the defendants cite White v. Beauregard Mem'l Hosp., XXXX-XXXX (La.App. 3 Cir. 3/6/02), 809 So.2d 1275. In that wrongful death action brought by a patient's widow against several doctors, the doctors' medical malpractice insurers, and Hospital Service District No. 2 d/b/a Beauregard Memorial Hospital, the Louisiana Third Circuit Court of Appeal held that venue was proper in the parish in which one of the doctors was domiciled, although that parish was not the domicile of the hospital service district. In reaching that conclusion, the appellate court reasoned that the legislature did not intend that the venue provisions of La. R.S. 13:5104(B) and La. R.S. 46:1063 would *118 preclude the application of La.Code Civ. P. art. 73(A), dealing with actions against joint or solidary obligors, when a political subdivision is joined as a joint or solidary obligor.[5] 809 So.2d at 1280.
The defendants cite White for the proposition that suit can be brought against a hospital service district in a parish other than its domicile only if the provisions regarding joint or solidary obligors warrant such an allowance. Since each of the defendants is a resident and domiciliary of St. Tammany Parish, the defendants submit that no such exception applies. The defendants fail to recognize, however, that the decision of the appellate court in White was subsequently overturned by the Louisiana Supreme Court. White v. Beauregard Mem'l Hosp., XXXX-XXXX (La.6/14/02), 821 So.2d 481. In a per curiam opinion, the supreme court held that the use of the word "shall" in La. R.S. 13:5104(B) indicated a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and that no other exceptions are applicable. In that sense, the supreme court held that the Third Circuit Court of Appeal erred in applying La.Code Civ. P. art. 73 in that case. Accordingly, the judgments of the trial court and the court of appeal were reversed, and the matter was remanded to the trial court with instruction to grant Beauregard Memorial Hospital's motion of improper venue.
Also, in arguing that La. R.S. 46:1063 controls venue in this matter, the defendants attempt to distinguish the Rodrigue case cited by the plaintiff. Specifically, the defendants point out that in Rodrigue, two different hospital service districts were sued as joint defendants. In that sense, the defendants characterize this court's ruling as a compromise of sorts, asserting that this court first applied La. R.S. 46:1063 to determine that the hospitals should be sued in their domiciles. The defendants submit that this court went on to apply La. R.S. 13:5104(B) only to avoid the duplicity of legal actions and unnecessary costs and expenses, as the two hospitals were domiciled in different parishes. Since the instant case only involves one political subdivision, by contrast, the defendants aver that this court need not resort to the generalized provisions of La. R.S. 13:5104(B), dealing with suits against political subdivisions, and should determine venue based on the provisions of La. R.S. 46:1063, dealing exclusively with suits against hospital service districts.
Finally, even if this court believes that La. R.S. 13:5104(B) is applicable, the defendants argue that the decision to terminate the plaintiff's employment was made in St. Tammany Parish by the hospital's administrative staff. In that sense, the defendants submit that that parish, therefore, is where the cause of action arose.
In considering the respective arguments of the parties, we note that laws on the same subject matter must be interpreted in reference to each other. La. Civ.Code art. 13. It is generally recognized that the more specific and most recent law is controlling over the general and older enactment. Berteau v. Police Jury of Parish of Ascension, 214 La. 1003, *119 39 So.2d 594 (1949). Louisiana Revised Statute 13:5104(B) was added by Acts 1975, No. 434, § 1, some twenty-five years after the enactment of La. R.S. 46:1063 and La. R.S. 46:1064 by Acts 1950, No. 420, §§ 13 and 14. Insofar as La. R.S. 13:5104(B) is the most recent law and was specifically designed to provide for venue in suits against political subdivisions, including hospital service districts, which were previously recognized as political subdivisions pursuant to La. R.S. 46:1064, we find that La. R.S. 13:5104(B) is applicable in this case.
Indeed, this court has in recent years applied La. R.S. 13:5104(B) to suits against hospital service districts. Although not cited by any party, we find the facts of Risener v. Hosp. Serv. District No. One of Parish of Terrebonne, 2001-2755 (La.App. 1 Cir. 11/8/02), 834 So.2d 480, writ denied, XXXX-XXXX (La.3/21/03), 840 So.2d 536, particularly analogous to this case. In Risener, the plaintiff physician filed a petition in the district court for Lafourche Parish, seeking a declaratory judgment, indemnification, and damages for breach of contract against his former employer, Hospital Service District No. 1 of the Parish of Terrebonne, owner and operator of Terrebonne General Medical Center ("TGMC"), after the district denied coverage to him in a malpractice action. Specifically, the plaintiff alleged that TGMC and Hospital Service District No. 1 of the Parish of Lafourche, the owner and operator of Our Lady of the Sea General Hospital ("LOS"), entered into an agreement to jointly operate a primary care clinic at a facility located in the community of Galliano in Lafourche Parish and that he was retained by TGMC to conduct a full-time office practice and hospital practice as assigned at either TGMC or LOS, Further, the plaintiff averred that the employment contract contained a provision obligating TGMC to obtain and maintain professional malpractice insurance on his behalf, but that TGMC failed to do so. In response to the suit, TGMC filed a declinatory exception raising the objection of improper venue, urging that the suit should have been brought in Terrebonne Parish, where it was domiciled. The trial court denied the venue exception, finding that Lafourche Parish was a proper venue, and TGMC appealed.
On appeal in Risener, TGMC argued that Terrebonne Parish was the only proper venue under La. R.S. 13:5104(B), because it was the parish of its domicile and the parish where the cause of action arose. In support of its position, TGMC relied on the fact that the decision to deny the plaintiff a defense of immunity on the malpractice suit was made at the TGMC administrative offices in Terrebonne Parish. In considering that argument on appeal, this court noted that venue was governed by La. R.S. 13:5104(B) and that the defendant district could only be sued in one of the two specified parishes, with no exceptions.[6] 834 So.2d at 482. Further, applying that statute, this court looked at whether the cause of action arose in Lafourche Parish so as to make venue proper there. 834 So.2d at 482. With respect to that question, this court pointed out that the employment contract between TGMC and the plaintiff was intended to be performed in Lafourche Parish and that the act of alleged malpractice that gave rise to the plaintiffs claim for breach of TGMC's *120 contractual obligation to obtain insurance on his behalf occurred in Lafourche Parish. Id. Thus, this court reasoned that the mere fact that TGMC made an "after the fact" decision at its corporate office in Terrebonne Parish to deny the plaintiff a defense and indemnification on the malpractice claim did not render Lafourche Parish an improper venue. 834 So.2d at 483. Accordingly, this court concluded that the trial court correctly denied the venue exception.
In this whistleblower action, the parties stipulated at the venue hearing on January 14, 2008, that all of the events that gave rise to this lawsuit occurred in Washington Parish. Specifically, the plaintiff was employed by the St. Tammany Parish Hospital to work at a medical clinic in Washington Parish. During her tenure of employment with the defendant hospital, the plaintiff worked exclusively in Washington Parish and that is where she reported misconduct by a fellow employee and suffered alleged retaliation by her co-workers and supervisors. Furthermore, that is where the plaintiff was informed that her employment was being terminated. In this context, regardless of where the administrative decision to terminate the plaintiff was ultimately made, we find that the cause of action giving rise to this litigation arose in Washington Parish, where the plaintiff was formerly employed and worked on a day-to-day basis.
Applying La. R.S. 13:5104(B) and the rationale of Risener to the facts of this case, we find that venue is proper in Washington Parish. No suit brought in the parish in which the plaintiff is domiciled and in a court which is otherwise a court of competent jurisdiction and proper venue shall be transferred to any other court. La.Code Civ. P. art. 123. Accordingly, the judgment of the trial court dated January 30, 2008, sustaining the defendants' declinatory exception of improper venue and transferring this matter to St. Tammany Parish, is reversed. Judgment is rendered overruling the defendants' declinatory exception of improper venue. This matter is remanded to the 22nd Judicial District Court for the Parish of Washington for proceedings in accordance with this opinion.
WRIT GRANTED AND MATTER REMANDED.
NOTES
[1] Louisiana Revised Statute 23:967, dealing with employee protection from reprisal, provides, in pertinent part:

D. If suit or complaint is brought in bad faith or if it should be determined by a court that the employer's act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.
[2] Louisiana Revised Statutes 46:1064 and 1072 declare hospital service districts, including parish-owned hospitals, to be political subdivisions of the state. Thus, the plaintiff argues that St. Tammany Parish Hospital is a political subdivision of the state and that La. R.S. 13:5104, dealing with suits against political subdivisions, is applicable to the instant action.
[3] This is actually the second writ application filed by the plaintiff seeking review of the judgment dated January 30, 2008. Originally, on February 29, 2008, the lower court signed a return date order at the request of the plaintiff, but did not expressly designate a return date. The plaintiff filed a writ application on that same date, which was denied by this court without consideration due to various rule violations, including failure to include the following supporting documentation: (1) a date stamped copy of the notice of intent; (2) the signed written judgment; and (3) the pleadings reviewed by the trial court, including the petition and answer. See Black v. St. Tammany Parish Hospital, et al., XXXX-XXXX (La.App. 1 Cir. 4/16/08)(unpublished writ action). In dismissing that application, this court gave the plaintiff until April 30, 2008, to file a new writ application.

Thereafter, on April 30, 2008, the plaintiff filed the instant writ application, once again seeking review of the January 30, 2008 judgment. Upon initial review, we note that this application is complete and in compliance with Rule 4-5 of the Uniform Rules for Louisiana Courts of Appeal. Further, although it is still unclear when the original notice of intent and request for return date were filed, it has now been confirmed that the written judgment was ordered by the trial court at the hearing on January 14, 2008, and was signed on January 30, 2008. Thus, to the extent that the original return date order was signed by the trial court "in blank" on February 29, 2008, within the thirty-day delay for applying for supervisory writs, it is now apparent that the original writ application was timely and therefore the issues raised herein are ripe for consideration by this Court.
[4] Notably, the version of La. R.S. 13:5104(B) in effect at the time of the Rodrigue decision provided for venue in the district court having jurisdiction in the parish in which the "cause" arose. However, pursuant to Acts 1996, 1st Ex.Sess., No. 63, § 1, effective May 9, 1996, the statute was amended to provide for venue where the "cause of action" arises. Nonetheless, even after the 1996 amendment to La. R.S. 13:5104(B), the plaintiff suggests that the Rodrigue case is still persuasive authority to the extent that this court held that both La. R.S. 13:5104(B) and La. R.S. 46:1063 provide venue for suits against parish-owned hospitals.
[5] Louisiana Code of Civil Procedure article 73(A), dealing with an action against joint or solidary obligors, provides as follows:

An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
[6] Notably, in Risener, this court held that La. R.S. 13:5104(8) governed venue in that suit, which was initiated against a single hospital service district. Thus, the defendants' argument that La. R.S. 13:5104(B) should only be invoked as an alternative to La. R.S. 46:1063 in instances in which claims are asserted against two or more hospital service districts with different domiciles is without merit.