# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 04-1005


**MAC HATTEN, ET AL**

**VERSUS**

**SCHWERMAN TRUCKING COMPANY, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 16307
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Marc T. Amy, and Billy H. Ezell, Judges.

**WRIT DENIED.**

**Gary Mark Zwain**
**Kevin R Derham**
**Andrew David Weinstock**
**Duplass, Zwain & Bourgeois**
**3838 N. Causeway Blvd Ste 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**Counsels for: Defendant/Respondent**
**Schwerman Trucking Company**

**James Huey Gibson**
**Allen & Gooch**
**P. O. Box 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1301**
**Counsel for: Defendant/Applicant**
**Rapides Parish Waterworks District#3**

**Daniel R. Atkinson Jr.,**
**Perry, Atkinson, Balhofff, Mengis, & Burns, L.L.C.**
**P. O. Box 83260**
**Baton Rouge, LA 70884-3260**
**(225) 767-8864**
**Counsel for: Defendant/Applicant**
**American Central Insurance Company**

**John Randall Whaley**
**Neblett, Beard & Arsenault**
**P. O. Box 1190**
**Alexandria, LA 71309-1190**
**(318) 487-9874**
**Counsel for: Plaintiff/Respondent**
**Mac Hatten, et al.**

**SAUNDERS, J.**

The issue upon which defendants have sought supervisory writs arises from the allegedly negligent handling of various chemicals resulting in plaintiffs' exposure to harmful vapors. Matthew Holloway delivered chemicals to the Rapides Parish Waterworks District Number 3 (hereinafter referred to as "Waterworks District"). Plaintiffs allege that these chemicals were improperly mixed with others resulting in a dangerous gaseous mixture that required the temporary evacuation of the area surrounding the Waterworks District. Defendants argue that venue is proper only in Rapides Parish because the general venue statute for political subdivisions is superceded by the statute setting domicile for the Waterworks District. We agree with the trial court and reject this argument.

**FACTS AND PROCEDURAL HISTORY**

On August 11, 2003, defendant, Matthew Holloway, delivered sodium chlorite and/or other chemicals to the Rapides Parish Waterworks District's facility in Grant Parish. Plaintiffs allege that these chemicals were placed into the wrong tank and reacted with phosphoric acid. A gaseous cloud formed and rose into the air allegedly creating a hazard to the health and well-being of the citizens of the surrounding community. Authorities evacuated this area in Grant Parish in order to minimize any potential risk.

Suit was brought in Grant Parish. Thereafter, on April 2, 2004, an Exception of Improper Venue was filed by the Waterworks District. Co-defendant American General Insurance Company joined in the exception on April 7, 2004. This exception was denied on May 17, 2004 and defendants sought writs from this court.

**ASSIGNMENT OF ERROR**

1) The trial court erred in finding that venue is proper as to the Rapides Parish Waterworks District Number 3 in a parish other than that of its domicile in violation of the provisions of Louisiana Revised Statute 13:5104.

**STANDARD OF REVIEW**

When reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 02-0805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*, 03-1380 (La. 9/19/03), 853 So.2d 644, and *writ denied*, 03-1385 (La. 9/19/03), 853 So.2d 645.

**DISCUSSION**

We first note that defendants assign as error the trial court's finding that Grant Parish is a proper venue "in violation of the provisions of Louisiana Revised Statute 13:5104." Given the position of the parties herein, however, we believe that defendants mistakenly referenced Louisiana Revised Statutes 13:5104 instead of 33:3816 and we will proceed accordingly.

The fundamental question at issue here is, with regards to the Waterworks District, does the phrase "at which domicile it shall be sued" in Louisiana Revised Statutes 33:3816 override the mandatory venue provisions for political subdivisions set forth in La.R.S. 13:5104. We believe that it does not and affirm the trial court's ruling.

Louisiana Revised Statutes 13:5104, entitled "Venue," provides in pertinent part:

> All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located **or in the district court having jurisdiction in the parish in which the cause of action arises**. [emphasis added].

Conversely, Louisiana Revised Statutes 33:3816, entitled "Domicile of waterworks district," provides that:

> The police jury shall designate the corporate domicile of the district at some place within the district, at which domicile it shall be sued and service of citation made on the president, and in his absence, upon the vice-president, and in their absence, upon the secretary, who also may be the treasurer.

Defendant argues that these two statutes lead one to believe that they are in conflict.

We believe, however, that when these articles are read together, no such conflict exists. First, we note that, while it is not law in and of itself, "[t]he title . . . of an act may be used to determine legislative intent." *La. Associated Gen Contractors, Inc. v. Calcasieu Parish Sch. Bd.*, 586 So.2d 1354, 1367 (La.1991). As previously noted, La.R.S. 13:5104 is entitled "Venue" and provides that a political subdivision "shall" be sued in its domicile or where the cause of action arose. Louisiana Revised Statutes 33:3816, on the other hand, is entitled "Domicile of waterworks district" and provides that the police jury is to designate the Waterworks District's corporate domicile and sets forth the rules for service of process. Reading the two statutes together, it becomes evident that the phrase "at which domicile [the waterworks district] shall be sued" in La.R.S. 33:3816 refers to the parish, designated as the domicile by the police jury, that will serve as the waterworks district's domicile

for the purposes of La.R.S. 13:5104. Simply stated, the domicile at which the Waterworks District may be sued according to La.R.S. 13:5104 is established according to La.R.S. 33:3816.

Our supreme court has similarly held that Louisiana Revised Statutes 13:5104 provides for mandatory venue in suits against political subdivisions. *Underwood v. Lane Mem'l Hosp.*, 97-1997 (La. 7/8/98), 714 So.2d 715. In *Underwood*, the court focused on the legislature's use of "shall" in La.R.S. 13:5104 to conclude that a political subdivision may, without exception, only be sued in one of two parishes. *Id*. These two parishes are the political subdivision's domicile and the parish where the cause of action arose.

In the instant matter, the parties do not dispute that the Waterworks District is a political subdivision and that the cause of action arose in Grant Parish. Furthermore, suit was brought in Grant parish as permitted by La.R.S. 13:5104. Nothing in La.R.S. 33:3816 convinces us to disagree with the supreme court's clear pronouncement regarding the terms of La.R.S. 13:5104 and disregard the unambiguous terms of the venue statute for political subdivisions.

**CONCLUSION**

We affirm the ruling of the trial court in denying defendants' Exception of Improper Venue. All costs are assessed against defendants.

**WRIT DENIED.**