KNOLL, Justice.
 
 *
 

 | tThis whistle blower action presents the issue of whether La.Rev.Stat. § 46:1063 provides an exclusive, mandatory venue provision for suit against a hospital service district, which controls over the general venue provision for political subdivisions set forth in La.Rev.Stat. § 13:5104(B). Pursuant to La.Rev.Stat. § 13:5104(B), plaintiff, Susan Black, a former medical clinic employee, filed the instant action in Washington Parish, where her cause of action allegedly arose, against the clinic’s owner, St. Tammany Parish Hospital Service District No. 1 d/b/a St. Tammany Parish Hospital (“hospital”), among other defendants. In response, defendants filed a declinatory exception of improper venue, arguing that, under La.Rev.Stat. § 46:1063, the hospital must be sued in St. Tammany Parish, where it is domiciled. The district court granted defendant’s exception and transferred the suit to St. Tammany Parish. On supervisory review, the court of appeal reversed and remanded the matter, finding the provisions of La. Rev.Stat. § 13:5104(B) controlling. We granted writ to address the correctness
 
 ml non
 
 of the court of appeal’s ruling.
 
 Black v. St. Tammany Parish Hospital,
 
 08-2670 (La.5/15/09), 8j2_So.3d 569. For the following reasons, we find in accord with well-established rules of statutory interpretation that the specific venue provisions of La.Rev.Stat. § 46:1063 governing hospital service districts prevail as an exception to the general venue provisions contained in La.Rev.Stat. § 13:5104(B). Accordingly, we reverse the judgment of the court of appeal and reinstate the district court’s ruling on the declinatory exception of improper venue, remanding this matter to the 22nd Judicial District Court for the Parish of St. Tammany.
 

 FACTS AND PROCEDURAL HISTORY
 

 As alleged in the petition, plaintiff was employed at the Family Medical Clinic in Washington Parish as a Licensed Practitioner Nurse (LPN) when the clinic was taken over by the hospital in January 2004. At that time, plaintiff continued her employment with the clinic as an employee of the hospital. Then, some time around July 2004, plaintiff “discovered that another employee was mishandling medications and improperly managing controlled substances by writing prescriptions without the legal authority to do so, refilling medications without the legal authority to do so, and things of that nature.” Petition for Damages at p. 1,
 
 Black v. St. Tammany Parish Hospital,
 
 96083 (22nd JDC, Div. “G”, Parish of Washington 7/30/07), 2007 WL 6867995. Plaintiff reported this misconduct to the human resources department. Following her report, plaintiff became the subject of harassment by her fellow employees and supervisors. During this time, plaintiff “was never given any ‘write-ups’ or other corrective materials or oral warnings or
 
 remindersId.
 
 at p.
 
 *713
 
 2. Even so, on or about July 13, 2006, plaintiff was placed on leave. Her employment with the Family Medical Clinic was then terminated without explanation on August 1, 2006.
 

 Subsequently, on July 30, 2007, plaintiff, a resident and domiciliary of Washington Parish, filed this whistle blower action pursuant to La.Rev.Stat. § |s23:967
 
 [1]
 
 in the 22nd Judicial District Court for the Parish of Washington against the hospital, in its capacity as owner of the Family Medical Clinic. Plaintiff also named as defendants several executives of the hospital and a manager of the Family Medical Clinic.
 
 [2]
 

 In response, defendants collectively filed a declinatory exception, raising the objection of improper venue, citing the provisions of La.Rev.Stat. § 46:1063, which provide:
 

 The police jury creating a hospital service district, with corporate powers, shall designate the domicile of such corporation, at which domicile it shall be sued and service of citation made on the director, and in his absence, upon the chairman of the commission, and in his or their absences, then upon the vice chairman of the commission; provided that in fixing the domicile of the district the police jury shall at all times fix the same at some place within the district.
 

 Defendants argued that under the plain language of the statute, the hospital must be sued in St. Tammany Parish, where it is domiciled.
 

 Plaintiff opposed the exception, citing the provisions of La.Rev.Stat. § 13:5104(B), which provide:
 

 All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
 

 |4Pursuant to La.Rev.Stat. § 13:5104(B), plaintiff argued that the cause of action arose in Washington Parish, where the alleged acts of harassment and retaliation occurred, therefore making venue appropriate there.
 

 Following arguments on the exception, the district court sustained the defendants’ declinatory exception, transferring this matter to the 22nd Judicial District Court for the Parish of St. Tammany. In his oral reasons, the district judge explained:
 

 So the Court has to do kind of a balancing act here. And I think I agree with you. Although I think there’s some — you can read all these codal articles. And one of them says shall. And one will come back and be conflicting in another sense. And so, it’s really, you can come up with just about any conclusion you want to. But I do think that 13:5104 permits the plaintiff to go forward in Washington Parish. She said she is a resident here.
 

 
 *714
 
 But looking at 46:1063, I think between that and 13:5104, it gives the Court the prerogative of saying, doing my balancing act. And I think that’s one of the things the judge has to do. You have to balance all the apples and all the oranges and see where best justice would be, would be addressed.
 

 And so accordingly, the Court is going, the Court rules that St. Tammany will be the site of this suit.
 

 Transcript of Proceedings at pp. 14-15,
 
 Black v. St. Tammany Parish Hospital,
 
 96083 (22nd JDC, Div. “G”, Parish of Washington 1/14/08).
 

 From this ruling, plaintiff sought supervisory review. The First Circuit Court of Appeal granted plaintiffs application, reversed the district court’s ruling, and remanded this matter.
 
 Black v. St. Tammany Parish Hospital,
 
 08-0855 (La.App. 1 Cir. 8/21/08), 994 So.2d 113. The appellate court recognized that the more recent law specific to political subdivisions was controlling over the general and older enactment:
 

 In considering the respective arguments of the parties, we note that laws on the same subject matter must be interpreted in reference to each other. La. Civ.Code art. 13. It is generally recognized that the more specific and most recent law is controlling over the general and older enactment.
 
 Berteau v. Police Jury of Parish of Ascension,
 
 214 La. 1003, 39 So.2d 594 (1949). Louisiana Revised Statute 13:5104(B) was added by Acts 1975, No. 434 § 1, some twenty-five years after the |flenactment of La. R.S. 46:1063 and La. R.S. 46:1064 by Acts 1950, No. 420, §§ 13 and 14. Insofar as La. R.S. 13:5104(B) is the most recent law and was specifically designed to provide for venue in suits against political subdivisions, including hospital service districts, which were previously recognized as political subdivisions pursuant to La. R.S. 46:1064, we find that La. R.S. 13:5104(B) is applicable in this case.
 

 Id.
 
 at p. 9, 994 So.2d at 118-19.
 

 Finding the cause of action giving rise to this litigation arose in Washington Parish, where the plaintiff was formerly employed and worked on a day-to-day basis, the court of appeal concluded Washington Parish was a proper venue in the instant proceeding under La.Rev.Stat. § 13:5104(B) and reversed the district court’s judgment.
 
 Id.
 
 at p. 11, 994 So.2d at 120. The appellate court then rendered judgment overruling the defendants’ decli-natory exception of improper venue and remanded this matter to the 22nd Judicial District Court for the Parish of Washington.
 
 Id.
 
 at pp. 11-12, 994 So.2d at 120.
 

 The hospital then sought review from this Court of the issue of whether venue in this matter involving a suit against a hospital service district is controlled by the provisions of La.Rev.Stat. § 46:1063 or La. Rev.Stat. § 13:5104(B).
 

 LAW AND DISCUSSION
 

 The fundamental question at issue in this case is whether the phrase “at which domicile [the hospital service district] shall be sued” in La.Rev.Stat. § 46:1063 super-cedes the general venue provisions for political subdivisions set forth in La.Rev.Stat. § 13:5104. To answer this question, we must examine the relevant provisions with guidance from the rules of venue as well as statutory construction.
 

 Venue
 

 As this Court has previously stated, venue refers to the parish where an action may properly be brought and tried under the rules regulating the subject.
 
 Underwood v. Lane Memorial Hosp.,
 
 97-1997, p. 3 (La.7/8/98), 714 So.2d 715, 716; La.Code
 
 *715
 
 | (iCiv. Proc. art. 41. Venue provisions are based on legislative considerations for allocating cases, according to the particular action and the particular parties, among the various parishes, which have an interest in the action (over which some Louisiana court has the constitutional power to exercise jurisdiction).
 
 Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd.,
 
 06-1104, p. 3 (La.1/17/07), 947 So.2d 15, 18;
 
 Underwood,
 
 97-1997 at p. 3, 714 So.2d at 716.
 

 Although the original concept of venue was that “one must be sued before his own judge,” this concept has become anachronistic with the ever-increasing number of legislative exceptions to venue at the party’s domicile.
 
 Colvin,
 
 06-1104 at p. 3, 947 So.2d at 18;
 
 Underwood,
 
 97-1997 at p. 3, 714 So.2d at 716-17. On this point, we have explained:
 

 The 1960 Code of Civil Procedure divided the rules of venue into three categories: (1) Article 44 provides a non-waivable mandatory venue for actions such as nullity of judgment; (2) Articles 78 through 83 provide a preferred but waivable venue which governs exclusively when the rule conflicts with any article except Article 44; and (3) Article 42 provides a general venue in which the defendant must be sued at his “home base,” but is subject to numerous exceptions in Articles 71 through 77, which provide specific optional venues that the plaintiff may choose as an alternative to the venue in Article 42.
 

 Underwood,
 
 97-1997 at p. 3, 714 So.2d at 717. Consequently, the rules of venue today are less designed to provide protection for the defendant, who has no constitutional right to be tried in a particular forum, and more designed to allocate cases among parishes with an interest in the proceeding so as to provide for efficient disposition of caseloads.
 
 Colvin,
 
 06-1104 at p. 4, 947 So.2d at 18;
 
 Underwood,
 
 97-1997 at p. 3, 714 So.2d at 717.
 

 Accordingly, the venue provisions for suits against political subdivisions set forth in La.Rev.Stat. § 13:5104(B) specify two parishes in which such entities can be sued.
 
 Colvin,
 
 06-1104 at p. 4, 947 So.2d at 18;
 
 Underwood,
 
 97-1997 at p. 5, 714 So.2d at 718. The first is the parish in which the political subdivision is located,
 
 ie.,
 
 the classic home base provision.
 
 Underwood,
 
 97-1997 at p. 5, 714 So.2d at 718. The second is the parish in which the cause of action arises,
 
 ie.,
 
 the more modern interest/efficiency provision.
 
 Id.
 

 More in keeping with the original home base concept, venue in suits against hospital service districts is only proper in the parish of their designated domicile under La.Rev.Stat. § 46:1063. Significantly, because hospital service districts are declared to be political subdivisions under La.Rev.Stat. § 46:1064(A), they are governed by the provisions of both La.Rev. Stat. § 13:5104(B) and La.Rev.Stat. § 46:1063.
 

 In
 
 Underwood,
 
 this Court reasoned, though dicta, that the use of the word “shall” in La.Rev.Stat. § 13:5104(B) indicated a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and that no other exceptions are applicable. 97-1997 at p. 5, 714 So.2d at 718. This Court’s reasoning was premised upon the Legislature’s 1985 amendment to the statute’s provisions, which substituted the mandatory “shall” for the permissive “may”:
 

 Section 5104 does not fit neatly into any of the three categories of venue established by the Code. At least prior to the 1985 amendment changing the word “may” in Subsection B to “shall,” Section 5104 appeared to provide a general rule of venue similar to Article 42’s provision for venue at the defendant’s
 
 *716
 
 “home base,” with a specific exception similar to Article 74. When the word “may” was used in both subsections, Section 5104 arguably could have been construed either as providing for preferred venue in one of two parishes or as providing for general venue subject to all of the exceptions. The legislative change in the wording of Subsection B to “shall” has been construed by several intermediate courts to mean that the venue for actions against a political subdivision is in one of the two specified parishes and no other, given the rule of construction that “shall” is mandatory.
 

 In the context of venue, the permissive “may” and the mandatory “shall” have often been interchanged. Indeed, Article 42, the general venue statute, employs the word “shall” to define the general venue for different types of defendants, yet is subject to the numerous statutory exceptions. Nevertheless, the fact that the Legislature in 1985 expressly |sdeleted the word “may” and substituted the word “shall” in Section 5104 B indicates a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and that no other exceptions are applicable.
 

 When a single political subdivision is the only defendant, the choice of venues provided by Section 5104 B is logical and consistent with the legislative intent that a political subdivision generally must be sued at its “home base” or in the parish which gave rise to the cause of action. And even when a political subdivision is one of several defendants, that legislative intent arguably is still applicable, especially when a parish of proper venue under Section 5104 B is also proper venue for the other defendants.
 

 Underwood,
 
 97-1997 at pp. 4-5, 714 So.2d at 717-18.
 

 Although one of the defendants in
 
 Underwood
 
 was a hospital service district,
 
 [3]
 
 its reasoning did not take into consideration the provisions of La.Rev.Stat. § 46:1063. However, the issue of which provision, La. Rev.Stat. § 13:5104(B) or La.Rev.Stat. § 46:1063, governs venue in a suit against a hospital service district was presented to this Court in
 
 White v. Beauregard Memorial Hosp.,
 
 02-0902 (La.6/14/02), 821 So.2d 481.
 

 In
 
 White,
 
 the plaintiff filed suit in Calca-sieu Parish against several defendants, including Beauregard Memorial Hospital, properly named Hospital Service District No. 2 of Beauregard Parish, d/b/a Beauregard Memorial Hospital. In response, the hospital filed a declinatory exception of improper venue, arguing first that pursuant to La.Rev.Stat. § 46:1063, the hospital service district could only be sued at its domicile, Beauregard Parish, or alternatively that La.Rev.Stat. § 13:5104 established Ran exclusive venue in Beauregard Parish. The district court denied the exception and the court of appeal affirmed.
 
 White v. Beauregard Memorial Hosp.,
 
 01-1418 (La.App. 3 Cir. 3/6/02), 809 So.2d 1275. This Court, in a per curiam opinion, granted writs, reversing the lower courts’
 
 *717
 
 judgments and remanding the matter to the district court with instructions to grant defendant’s motion. Quoting Underwood, this Court held:
 

 Granted. In
 
 Underwood v. Lane Memorial Hospital,
 
 97-1997, at p. 5 (La.7/8/98), 714 So.2d 715, 718, we held that the use of the word “shall” in La. Rev.Stat. 13:5104(B) “indicates a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and that no other exceptions are applicable.” The court of appeal therefore erred in applying La. Code Civ. Proc. art. 73 to this case. Accordingly, the judgments of the trial court and court of appeal are reversed. The matter is remanded to the trial court which is instructed to grant defendant’s motion of improper venue.
 

 White,
 
 02-0902 at p. 1, 821 So.2d at 481. Most notably, although the Court resolved the issue of venue in favor of the application of La Rev.Stat. § 13:5104(B) in accordance with
 
 Underwood’s
 
 reasoning, the Court again did not address the provisions of La.Rev.Stat. § 46:1063 in relation to La.Rev.Stat. § 13:5104(B). Thus, we now examine and interpret these provisions in relation to each other to determine which of these two provisions governs venue in the instant case. Our examination begins with the applicable rules of statutory construction.
 

 Statutory Construction
 

 As the fundamental question in all cases of statutory interpretation is legislative intent, the rules of statutory construction are designed to ascertain and enforce the intent of the Legislature.
 
 Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19;
 
 SWAT 24 Shreveport Bossier, Inc. v. Bond,
 
 00-1695, p. 11 (La.6/29/01), 808 So.2d 294, 302. One determines the meaning and intent of a law “by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that |inis consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law.”
 
 Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19. A statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intent of the Legislature in enacting it.
 
 Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19;
 
 SWAT 24,
 
 00-1695 at p. 11, 808 So.2d at 302. The text of the law is the best evidence of legislative intent. La. Rev.Stat. § 24:177(B)(1).
 

 Words and phrases must be read with their context and construed according to the common and approved usage of the language. La.Rev.Stat. § 1:3. “The word ‘shall’ is mandatory and the word ‘may’ is permissive.”
 
 Id.
 
 Further, every word, sentence, or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such provision, and that no unnecessary words or provisions were employed.
 
 Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19;
 
 Moss v. State,
 
 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and sur-plusage if a construction giving force to and preserving all words can legitimately be found.
 
 Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19-20;
 
 Moss,
 
 05-1963 at p. 15, 925 So.2d at 1196.
 

 Where two statutes deal with the same subject matter, they should be harmonized if possible, as it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws.
 
 LeBreton v. Rabito,
 
 97-2221, p. 7 (La.7/8/98), 714 So.2d 1226, 1229;
 
 Chappuis v. Reggie,
 
 222 La. 35, 44, 62 So.2d 92, 95 (1952); La. Civ.Code art. 13. However, if there is a
 
 *718
 
 conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.
 
 LeBreton,
 
 97-2221 at p. 7, 714 So.2d at 1229;
 
 Kennedy v. Kennedy,
 
 96-0732, p. 2 (La.9/9/97), 699 So.2d 351, 358 (on rehearing).
 

 __LyPursuant to these well-established rules of statutory construction, we are called upon in the present case to harmonize the provisions of La.Rev.Stat. § 13:5104(B) and La.Rev.Stat. § 46:1063, if possible, but in the case of conflict, to interpret the more specific statute to prevail as an exception to the more general statutory provision.
 
 See LeBreton,
 
 97-2221 at p. 7, 714 So.2d at 1229;
 
 Chappuis,
 
 222 La. at 43, 62 So.2d at 95.
 

 Significantly, these statutes present two seemingly mandatory venue provisions. One deals generally with political subdivisions, La.Rev.Stat. § 13:5104(B), and the other deals specifically with one particularly enumerated political subdivision — the hospital service district, La.Rev.Stat. § 46:1063. One allows for venue in suits against political subdivisions in either the parish where the cause of action arose or where the political subdivision is located, while the other sets venue only in the parish where the hospital service district, a political subdivision, is domiciled. Therein lies the conflict.
 

 The court of appeal resolved this conflict by concluding that the provisions of La.Rev.Stat. § 13:5104(B) were controlling based on its erroneous finding that of these two statutes La.Rev.Stat. § 13:5104(B) was the more specific as well as the most recent, specifically designed to provide for venue in suits against political subdivisions, including hospital service districts. However, in this suit against a hospital service district, La.Rev.Stat. § 46:1063, by its plain language, is the statute specifically directed to the matter at issue. La.Rev.Stat. § 13:5104(B), though the more recently enacted, is more general in character as to venue in suits against hospital service districts. In accordance with the general rules of statutory construction addressed above, the conflict between these provisions must be resolved by interpreting the more specific provision governing venue in suits against hospital | l2service districts under La. Rev.Stat. § 46:1063 as an exception to the more general venue provision governing political subdivisions contained in La.Rev. Stat. § 13:5104(B).
 

 Such an interpretation gives force to all words in the statutory provisions and effect to all parts of the statutes by construing no sentence, clause, or word as meaningless or surplusage.
 
 See Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19-20;
 
 Moss,
 
 05-1963 at p. 15, 925 So.2d at 1196. It further allows La.Rev.Stat. § 13:5104(B) to retain its mandatory nature as to all political subdivisions not subject to more specific venue provisions, such as hospital service districts, which are specifically provided for in the mandatory provisions of La.Rev. Stat. § 46:1063.
 

 Moreover, while La.Rev.Stat. § 13:5104(B) states that political subdivisions shall be sued in the parish where the entities are located or where the cause of action arose, consideration of the plain language of La.Rev.Stat. § 46:1063 indicates a legislative intent that the parish of the hospital service district’s domicile would constitute the exclusive venue for actions against the hospital service district. It logically follows that, by using the phrase “at which domicile it shall be sued,” the Legislature envisioned that hospital service districts, though political subdivisions, would be sued only in the parish of their domicile and not alternatively in the parish where the cause of action arose, as would
 
 *719
 
 otherwise be proper under La.Rev.Stat. § 13:5104(B).
 

 Contrarily, to find as
 
 White
 
 and the court of appeal in this case did that La. Rev.Stat. § 13:5104(B) is controlling, would render the mandatory provisions of La.Rev.Stat. § 46:1063 superfluous. Likewise, if we would attempt to harmonize the provisions by reading the statutes
 
 in pari materia
 
 and interpreting the phrase “at which domicile it shall be sued” in La.Rev. Stat. § 46:1063 as referring to the parish | isthat would serve as the hospital service district’s location for the purposes of La. Rev.Stat. § 13:5104(B),
 
 [4]
 
 we would necessarily “read out” the mandatory provision of La.Rev.Stat. § 46:1063 that the hospital service district shall be sued and service of citation made on the director in the designated domicile. Neither of these interpretations allows the mandatory provision of La.Rev.Stat. § 46:1063 to survive.
 

 Furthermore, if La.Rev.Stat. § 46:1063 does not apply in the current situation involving a suit against a hospital service district, there is simply no instance in which La.Rev.Stat. § 46:1063 would apply. It would effectively be written out of our law in contravention of the presumed intent of the Legislature that every statutory provision serve some useful purpose and that some effect be given to each such provision.
 
 See Colvin,
 
 06-1104 at p. 6, 947 So.2d at 19;
 
 Moss,
 
 05-1963 at p. 15, 925 So.2d at 1196.
 

 Therefore, we find that a careful study of the two relevant provisions renders only one interpretation logically consistent with the presumed purpose and intent of the Legislature and conclude that La.Rev.Stat. § 46:1063 is a specific and mandatory provision which serves as an exception to the general rules of venue governing political subdivisions contained in La.Rev.Stat. § 13:5104(B). To the extent that our holding in
 
 White
 
 conflicts with this finding, it is hereby overruled.
 

 Accordingly, we find that, pursuant to La.Rev.Stat. § 46:1063, the hospital in the present case can only be sued in the domicile designated by the policy jury,
 
 i.e.,
 
 | l4St. Tammany Parish, and reverse the judgment of the court of appeal, overruling defendants’ declinatory exception of improper venue.
 

 CONCLUSION
 

 In conclusion, we find La.Rev.Stat. § 46:1063 provides an exclusive, mandatory venue provision for suit against a hospital service district, which controls over the general venue provisions for political subdivisions set forth in La.Rev.Stat. § 13:5104(B). As the more specific statute, La.Rev.Stat. § 46:1063 prevails as an exception to La.Rev.Stat. § 13:5104(B)’s more general venue provisions, and
 
 White’s
 
 holding to the contrary is hereby overruled. Therefore, pursuant to La.Rev. Stat. § 46:1063, we find venue in this matter is only appropriate in St. Tammany Parish, the designated domicile of the hospital, and that the district court correctly sustained defendants’ declinatory exception of improper venue, transferring this matter to the 22nd Judicial District Court
 
 *720
 
 for the Parish of St. Tammany. Accordingly, we reverse the judgment of the court of appeal, reinstate the judgment of the district court sustaining defendants’ declinatory exception, and remand this matter to the 22nd Judicial District Court for the Parish of St. Tammany.
 

 DECREE
 

 For the foregoing reasons, we reverse the judgment of the court of appeal and reinstate the judgment of the district court, sustaining defendants’ declinatory exception of improper venue and remanding this matter to the 22nd JDC for the Parish of St. Tammany for further proceedings
 

 REVERSED and REMANDED.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . This provision is referred to as Louisiana’s Whistle Blower Statute.
 

 [2]
 

 . Plaintiff named as defendants: (1) Dr. Robert Capitelli, the hospital’s Senior Vice President and Chief Medical Officer; (2) Patti Ellish, the hospital's President and Chief Executive Officer; (3) Judy Gracia, the hospital's Vice President of Human Resources; and (4) Barbara Oaks, a manager at the Family Medical Clinic. Defendants collectively answered the suit and asserted a re-conventional demand, seeking attorney fees and court costs pursuant to La.Rev.Stat. § 23:967(D).
 

 [3]
 

 . The proper name for Lane Memorial Hospital is Hospital Service District No. 1 of East Baton Rouge d/b/a Lane Memorial Hospital.
 
 Underwood,
 
 97-1997 at p. 2 n. 2, 714 So.2d at 716 n. 2.
 

 Additionally, the
 
 Underwood
 
 court was presented with a situation in which two political subdivisions located in different parishes were joined as defendants and alleged to be joint or solidary obligors as to the same transaction or occurrence with each asserting its "right" to be sued in the parish where it was located.
 
 Underwood,
 
 97-1997 at pp. 5-6, 714 So.2d at 718. All defendants in the present case reside and are domiciled in St. Tammany Parish, and only one defendant, the hospital, is a political subdivision. Therefore,
 
 Underwood
 
 is clearly distinguishable.
 

 [4]
 

 . In its writ denial in
 
 Hatten v. Schwerman Trucking Co.,
 
 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448,
 
 writ denied,
 
 05-0076 (La.3/18/05), 896 So.2d 1009, the Third Circuit advanced such an argument. In
 
 Hatten,
 
 the Third Circuit harmonized the provisions of La.Rev.Stat. § 13:5104(B) and La.Rev.Stat. § 33:3816, whose provisions are essentially identical to those of La.Rev.Stat. § 46:1063 except that they govern waterworks districts, by reading the provisions
 
 in pari materia.
 
 04-1005 at p. 3, 889 So.2d at 450. Although we denied writs, writ denials do not make law, and the denial of writs neither blesses nor adopts the court of appeal’s factual determinations or expressions of law.
 
 McClendon v. State, Dept. of Transp. and Development,
 
 94-0111 (La.9/6/94), 642 So.2d 157, 158, n. 1.