HOLDRIDGE, J.
Petitioner, appellant, Lee A. Brown, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“the Department”), appeals the district court’s dismissal of his petition for judicial review. Brown filed the petition, asserting the Department failed to designate him as being eligible for treatment pursuant to La. R.S. 15:538(C), which he alleges has resulted in him being wrongfully denied eligibility for diminution of sentence. We affirm the district court’s judgment.
Following allegations of alleged aggravated rape involving an eleven-year old victim during January 2004, Brown was indicted with one count of aggravated rape and two counts of sexual battery. The State amended the aggravated rape indictment to one count of oral sexual battery, and it amended the two counts of sexual battery to one count of oral sexual battery, with both amended counts in violation of La. R.S. 14:43.3. During 2007, Brown pled no contest to the amended charges, and he was sentenced to ten years on each count, with the sentences to be served consecutively to each other.[2]
Brown initiated his request for an administrative remedy in August 2012, asserting that he was eligible to participate in a “sex offender treatment plan” pursuant to Department of Correction regulation B-06-002.[3] He asserted he has been *396 |,-¡deprived of mental health services, which has resulted in the infliction of “cruel and unusual” punishment. The Department denied Brown’s request.[4] Brown’s second step request was also denied; the Department found his request was adequately addressed at the first step and there was no reason for administrative intervention. Thereafter, Brown filed a petition for judicial review, asserting the Department failed to enforce their own regulations. As a result, he asserted he was ultimately denied eligibility for diminution of sentence pursuant to La. R.S. 15:538.
Citing La. R.S. 15:571.3(B)(3)(g), the district court commissioner found that Brown is ineligible for diminution of sentence for good behavior, because he was convicted of two counts of oral sexual battery in violation of La. R.S. 14.-43.3.[5] *397 The | ¿commissioner thus concluded that the Department’s decision to deny Brown’s requested relief was not “arbitrary, capricious or manifestly erroneous” or otherwise in violation of constitutional or statutory law. La. R.S. 15:1177A(9). The district court adopted the commissioner’s reasons, affirmed the Department’s decision, and dismissed Brown’s petition for judicial review, with prejudice at his cost.
On appeal, Brown asserts the district court erred in interpreting the applicable statutory law, which error resulted in his ineligibility for the diminution of his sentence in violation of his constitutional rights. Brown also contends the district |Bcourt’s application of the statutory law addressing diminution of sentence for good behavior violates Louisiana’s ex post facto laws. As a result, Brown prays that the district court judgment be reversed and seeks remand of this matter to the district court.
Currently and at the time Brown’s offenses were committed in 2004, La. R.S. 15:537 provided that a person convicted of or who pleads guilty to- any provision of Subpart C of Part II of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 [which includes La. R.S. 14:43.3, addressing oral sexual battery], and is sentenced to imprisonment for a stated number of years or months, as Brown was in this matter, “shall not be eligible for diminution of sentence for good behavior.”[6] Prior to the effective date of 1999 La. Acts No. 1209, however, La. R.S. 15:537A provided, in pertinent part, as follows:
If a person is convicted of or pleads guilty to a violation of any provision of Subpart C of Part II ... of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior, unless diminution of sentence is prohibited by R.S. 15:571.3(C)or(D).
[Emphasis added.]
1999 La. Acts No. 1209 amended La. R.S. 15:537A by deleting the provision that authorized the sentencing court to place conditions on eligibility for diminution of sentence for good behavior and providing instead that the offenders addressed therein “shall not be eligible for diminution of sentence for good behavior.”
Currently and in 2004, however, La. R.S. 15:538C provides, in pertinent part, as follows:
(l)(a) No sexual offender, whose offense involved a minor child who is twelve years old or younger; or
*398 (b) Who is convicted two or more times of a violation of R.S. 14:42, 42.1, 43, 43.1, 43.2, 43.3, 43.4, 78, 78.1, or 89.1 shall be eligible Rfor probation, parole, or suspension of sentence or diminution of sentence if imposed as a condition by the sentencing court pursuant to R.S. 15:587(A), unless, as a condition thereof, the offender undergoes^ treatment plan based upon a mental health evaluation which plan shall effectively deter recidivist sexual offenses by the offender, thereby reducing risk of reincarceration of the offender and increasing safety of the public, and under which the offender may reenter society.... Emphasis added.[7]
When initially drafted, La. R.S. 15:538 did not provide for the possibility of a diminution of sentence when the offender underwent a mental health treatment plan, as allowed by the sentencing court pursuant to La R.S. 15:537(A). 1995 La. Acts. No. 1265, § l.[8] This provision allowing the condition of diminution of sentence was introduced into the statutory framework by 1997 La. Acts. No. 746 at a time when La. R.S. 15:537A still allowed the sentencing court discretion in deciding whether an offender was eligible for diminution of sentence for good behavior. However, when Brown committed the offenses at issue, diminution of sentence was not allowed pursuant to La. R.S. 15:537A for a person convicted of oral sexual battery. Nevertheless, La. R.S. 15:538C(1) referenced (and still references) this possible diminution of sentence when the offender undergoes a mental health treatment plan “if imposed as a condition by the sentencing court pursuant to R.S. 15:537(A).”[9] |7Thus, Brown urges he should be allowed to participate in such a treatment plan in order that he might be eligible for a diminution of sentence. As a result, this court is faced with interpreting statutory provisions that appear to be in conflict.
Because the fundamental question in all cases of statutory interpretation is legislative intent, the rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Black v. St. Tammany Parish Hosp., 2008-2670 (La.11/6/09), 25 So.3d 711, 717. One determines the meaning and intent of a law “by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express *399 terms of the law and with the obvious intent of the legislature in enacting the law.” Id., citing Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 06-1104 (La.1/17/07), 947 So.2d 15, 19. “The word ‘shall’ is mandatory and the word ‘may’ is permissive.” Id. Thus, a statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intent of the Legislature in enacting it. Id. The text of the law is the best evidence of legislative intent. La. R.S. § 24:177(B)(1). Courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless if a construction giving force to and preserving all words can legitimately be found. Black, 25 So.3d at 717. Where two statutes deal with the same subject matter, they should be harmonized if possible, as it is the duty of the courts, in the construction of statutes, to reconcile laws. La. C.C. art. 13; Black, 25 So.3d at 717. However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Black, 25 So.3d at 717-18.
With these statutory interpretation principles in mind, we find that Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all ^offenders who are convicted of or plead guilty to sex offenses, including the present offense of oral sexual battery regardless of the mental health treatment that they receive. See Parker v. Louisiana Dep’t of Public Safety & Corrections, 13-1355 (La.App. 1st Cir.3/21/14), 2014 WL 1165861, at *2 (unpublished); State v. H. B., 2006-1436 (La.App.3d Cir.4/4/07), 955 So.2d 255, 257; State v. Dagenhart, 39,874 (La.App.2d Cir.8/17/05), 908 So.2d 1237, 1242, writ denied, 2005-2421 (La.4/24/06), 926 So.2d 539. The mandatory language of La. R.S. 15:537A is thus given effect, and as set forth in La. R.S. 15:538C(1), the sentencing judge can determine whether a sexual offender is eligible for probation, parole, or suspension of sentence when he is required to undergo a treatment plan based upon a mental health evaluation. The only portion of La. R.S. 15:538C(1) that is not given effect under this statutory construction is that portion of the statute addressing diminution of sentence for the offender who was convicted of or plead guilty to sexual offenses if the mental health treatment plan is imposed as a condition by the sentencing court. To deny such offenders diminution of sentence is consistent with the presumed fair purpose and intent of the Legislature in enacting these laws. When the entire legislative history and the amendments in their chronological context are considered, it is the only meaningful interpretation that harmonizes and reconciles these statutory provisions, along with the provisions of La. R.S. 15:571.3B.[10] When the legislature amended La. R.S. 15:537(A) to expressly provide that certain sexual offenders would not be eligible for diminution of sentence for good behavior using the man *400 datory term “shall,” the legislature apparently overlooked the fact that it also needed to amend | aLa. R.S. 15:538(C) to delete the reference therein to diminution of sentence where a mental health treatment plan is imposed by the sentencing court. La. R.S. 15:538(0 can still be given meaning, however, when it is interpreted to mean that the sex offenders referenced in the statute are still eligible for probation, parole and suspension of sentence when the offender undergoes the specified treatment plan.
Thus, we conclude that the Department’s decision to deny Brown’s requested relief was not “arbitrary, capricious or manifestly erroneous” or otherwise in violation of constitutional or statutory law. La. R.S. 15:1177A(9). The district court properly concluded, based on the mandatory language of La. R.S. 15:537(A), that Brown was not eligible for diminution of sentence based on his convictions for oral sexual battery in violation of R.S. 14:43.3.
Further, we find no merit in Brown’s assertions that the dismissal of his petition for judicial review violated the ex post facto prohibitions set forth in the federal and state constitution.[11] The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. Massey v. Louisiana Dep’t of Public Safety & Correction, 2013-2789, p. 4 (La.10/15/14), 149 So.3d 780. We have examined Brown’s entitlement to diminution of sentence in light of the applicable laws at the time he committed the offenses in question, and we find no merit in his contentions.[12]
For these reasons, we affirm the district court’s dismissal of Brown’s petition for judicial review. Appeal costs are assessed against appellant, Lee Brown.
AFFIRMED.

. During the sentencing, the district, court stated, in pertinent part, as follows:
[B]ecause it was part of the plea agreement!)] ... I'm going to order during the period of time incarcerated in [the Department], ... you are to be given whatever the appropriate treatment is, to the extent there is such a treatment out there. I ... believe ... that you are a pedophile, and I want [the Department] to, again, attempt, in whatever manner is available, to give you some type of treatment before you are released back into society.

.Section 337(C) of the Louisiana Administrative Code, Title 22, Part I (Department of Public Safety and Corrections Department Regulation No. B-06-002) provides, in pertinent part:
E. SEX OFFENDER TREATMENT PLAN PURSUANT TO LA. R.S. 15:538(C): *396 l.a. no sex offender whose offense involved a minor child who is twelve years old or younger or who is convicted two or more times of a violation of:
[[Image here]]
vi. R.S. 14:43.3 oral sexual battery
[[Image here]]
shall be eligible for probation, parole, suspension of sentence, or diminution of sentence if imposed as a condition by the sentencing court pursuant to La. R.S. 15:537(A) unless, as a condition thereof, the offender undergoes a treatment plan based upon a mental health evaluation.

. The Department responded, in pertinent part:
Your records indicate that you have been evaluated by a psychiatrist, seen five times by a social worker while making rounds, and met seventeen times individually with Mental Health staff since your arrival to this facility. The last time you spoke to a social worker was on August 10, 2012, to which you reported no Mental Health problems or concerns. However, it is noted that you complained to the Mental Health staff on June 29, 2012, about wanting good time. According to your records, you were convicted on two separate dockets for Oral Sexual Battery which makes you ineligible to receive good time under Act 1209.
A BETG Sex Offender Program is offered through the Mental Health Department at facility for offenders who wish to participate in the treatment program. However, BETG is conducted on the compound. It is noted that you are currently assigned to Maximum Custody, Working Cellblock.... Your assignment to Maximum Custody is a result of your inability or unwillingness to abide by the rules and regulations. If you wish to participate in the sex offender program, you must modify your behavior so you can be placed in general population. Your allegations of being deprived [of] Menial Health services have been found to be ... without merit.

. At the time Brown committed the offenses in 2004, La. R.S. 15:571.3 provided, in pertinent part, as follows:
B. Every inmate in the custody of the department who has been convicted of a felony, except an inmate convicted a second time of a crime of violence as defined by R.S. 14:2(13), and sentenced to imprisonment for a stated number of years or months, or when the sentencing court has denied or conditioned eligibility for "good time" as provided in R.S. 15:537, may earn ... a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as "good time”....
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
[[Image here]]
(q) Any crime of violence as defined by R.S. 14:2(13).
Also at that time, La. Revised Statutes 14:2(13) defined "crime of violence” as "an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, but its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.” The statute further enumerated certain offenses as "crimes of *397 violence,” which enumeration included the offense of "sexual battery.” La. R.S. 14:2(13)(1).
Thereafter, 2011 La. Acts No. 186 amended and reenacted La. R.S. 15:571.3B, which now provides, in pertinent part: .
(l)(a) Unless otherwise prohibited, every inmate in the custody of the department who has been convicted of a felony, except an inmate convicted a second time of a crime of violence as defined by R.S. 14:2(B), and sentenced to imprisonment for a stated number of years or months, may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as "good time”.
[[Image here]]
(3) A person shall not be eligible for diminution of sentence for good behavior if he has been convicted of or pled guilty to, or where adjudication has been deferred or withheld for, a violation of any one of the following offenses:
[[Image here]]
(g) Oral sexual battery (R.S. 14:43.3).

. See 2003 La. Acts No. 1193, § 1 and 2012 La. Acts. No. 50, § 1.

. "Sexual offender” means, in pertinent part, a person who has violated "any provision of Subpart C of Part II ... of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.” La. R.S. 15:536A.

. 1995 La. Acts. No. 1265, § 1 provided, in pertinent part, as follows:
A. No sexual offender, whose offense involved a minor child, shall be eligible for probation, parole, or suspension of sentence unless, as a condition thereof, the sexual offender is prohibited from engaging in any business or volunteer work activity which provides goods, services, instruction, or care to and requires the offender to engage in a significant amount of direct contact with minor children.
B. No sexual offender shall be eligible for probation, parole, or suspension of sentence unless, as a condition thereof, the sexual offender is prohibited from engaging in any unsupervised business or volunteer work activity which provides goods, services, instruction, or care to and requires the offender to engage in a significant amount of direct contact with potential victims who are minor children.

.Section 337C of the Louisiana Administrative Code, Title 22, Part I (Department of Public Safety and Corrections Department Regulation No. B-06-002), quoted above, also implies that diminution of sentence for a sex offender such as Brown is possible if the sentencing court requires the offender to undergo a mental health treatment plan pursuant to La. R.S. 15:537(A).

. At the time Brown committed the offenses in question, “Sexual battery” was enumerated as a crime of violence pursuant to La. R.S. 14:2(13), but not “Oral sexual battery,” but because the list of enumerated crimes is merely illustrative, and not exhaustive, unlisted offenses may be denominated as crimes of violence under the general definition of the term provided by the statute. State v. Oliphant, 2012-1176 (La.3/19/13), 113 So.3d 165, 170. Examining the elements of “sexual battery,” as proscribed by La. R.S. 14:43.1 and “oral sexual battery,” as proscribed by La. R.S. 14:43.3, we see no basis not to interpret “oral sexual battery” as a "crime of violence” at the time Brown committed those offenses. Thus, pursuant to La. R.S. 15:571.3(B), he is also ineligible for diminution of sentence.

. Article I, section 9 of the United States Constitution and Article I, section 23 of the Louisiana Constitution prohibit the enactment of any ex post facto law. Massey v. Louisiana Dep't of Public Safety & Correction, 2013-2789, p. 5 (La.10/15/14), 149 So.3d 780.

. Brown further asserts the district court abused its discretion in adopting the commissioner's report on the grounds that it did not meet the requirements of La. R.S. 13:713(C), which addresses the duties of a commissioner when a case is referred to him by court rule or by a district court judge, because it did not contain an accurate "statement of the pleadings” or an adequate "opinion based on the pleadings and facts.” The record establishes the commissioner complied with this statutory mandate. As a result, we find no merit in this assignment of error.