# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

WHOLESALE AUTO GROUP, INC.

VERSUS

THE LOUISIANA MOTOR VEHICLE
COMMISSION AND THE LOUISIANA
USED MOTOR VEHICLE COMMISSION

NO. 2019 CW 0747

OCT 2 8 2019

In Re: Louisiana Motor Vehicle Commission, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 678659.

BEFORE: WHIPPLE, C.J., McDONALD, McCLENDON, THERIOT, AND CHUTZ, JJ.

**WRIT GRANTED.** The trial court's May 24, 2019 judgment denying the defendant's, Louisiana Motor Vehicle Commission's, Exception of Improper Venue and Exception of Improper Joinder of Parties/Improper Cumulation of Actions, is hereby reversed. We find that La. R.S. 32:1253(H) dictates Jefferson Parish as the mandatory venue for the Louisiana Motor Vehicle Commission and that the ancillary venue doctrine as articulated in **Underwood v. Lane Memorial Hosp.**, 97-1997 (La. 7/8/98), 714 So.2d 715, and **Black v. St. Tammany Parish Hosp.**, 2008-2670 (La. 11/6/09), 25 So.3d 711, is not applicable to the present case because La. R.S. 32:1253(H) provides Jefferson Parish as the mandatory venue for the Louisiana Motor Vehicle Commission and La. R.S. 32:783 provides East Baton Rouge Parish as the mandatory venue for the Louisiana Used Motor Vehicle Commission. Under La. Code Civ. P. art. 464, the action against the Louisiana Motor Vehicle Commission is dismissed because it was improperly joined to the plaintiff's, Wholesale Auto Group's, action against the Louisiana Used Motor Vehicle Commission.

**VGW**
**JMM**
**PMc**
**MRT**

**Chutz, J.,** dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT