STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0747

JAMES MARCHAND

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS

Judgment Rendered: **FEB 2 4 2021**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 671317

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \* \*

James Marchand                         Appellant
Elayn Hunt Correctional Center         In Proper Person
St. Gabriel, Louisiana

Elizabeth B. Desselle                  Attorney for Appellee,
Baton Rouge, Louisiana                 Louisiana Department of Public
                                       Safety and Corrections

\* \* \* \* \* \* \*

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**PENZATO, J.**

James Marchand, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a judgment of the district court dismissing his petition for judicial review. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 2, 1998, Marchand pled guilty to attempted second degree kidnapping ("Count 1"),[1] aggravated burglary ("Count 2"),[2] and second degree kidnapping ("Count 3").[3] On June 26, 1998, he was sentenced as follows:

(1) As to Count 1, for a period of five years at hard labor without parole;

(2) As to Count 2, for a period of thirty years at hard labor, to run consecutive to Count 1; and

(3) As to Count 3, for a period of thirty-five years at hard labor without parole, to run concurrent with Count 2 and consecutive to Count 1. Thus, his total sentence was forty years without parole.

On January 31, 2018, Marchand initiated an Administrative Remedy Procedure ("ARP"). Marchand asserted that the Warden provided him a new master prison record that stated he was no longer eligible for parole on September 27, 2017, and that his new parole eligibility date was September 26, 2031. Marchand argued that pursuant to La. R.S. 15:574.4, he was eligible for parole consideration upon serving at least twenty years of his term of imprisonment and upon reaching the age of forty-five. See La. R.S. 15:574.4A(2) ("Act 790"[4]).

---

[1] La. R.S. 14:27, 14:44.1.

[2] La. R.S. 14:60.

[3] La. R.S. 14:44.1.

[4] In 1987, the Legislature enacted La. R.S. 15:574.4A(3) (which was subsequently renumbered as Subsection A(2)), to provide for time periods and requirements for parole eligibility for certain inmates based on the length of sentence, age, and the amount of time incarcerated. As originally enacted, "a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of sixty." In 1990, by Act 790, the legislature amended Subsection A(3) (now Subsection A(2)) to lessen the age requirement from

2

Marchand sought reinstatement of his parole date of September 27, 2017.

On March 20, 2018, DPSC denied Marchand's request on the basis that La. R.S. 15:574.4B ("Act 1099") requires a person convicted of a crime of violence committed on or after January 1, 1997 to serve at least eighty-five percent of the sentence imposed before being eligible for parole under Act 790. Marchand submitted a second step review, which was also denied. In its second step response, DPSC noted that Marchand's parole eligibility date was not amended based on a change of law but on an error in the initial time computation. According to DPSC, Marchand's correct parole eligibility date was December 27, 2030.

On July 9, 2018, Marchand filed a petition for judicial review in the Nineteenth Judicial District Court ("19th JDC") pursuant to La. R.S. 15:1171 et seq., and it was assigned to a commissioner for evaluation.[5] DPSC filed an answer, inclusive of the entire administrative record, specifically stating that Marchand's parole eligibility date was correct. On August 1, 2019, the commissioner remanded the matter and ordered DPSC to provide a more specific second step response addressing Marchand's multiple sentences. On January 21, 2020, DPSC amended its second step response to offer clarification regarding Marchand's parole eligibility date. The amended response provided the following explanation:

> Based on the sentence of the court, [Marchand] would not be eligible for parole. A review of the record indicates that the sentence for the crimes of violence were committed after 1/01/1997 and therefore falls under Act 1099 and must serve 85% of the sentence before becoming eligible for parole. Act 790 of 1990 which allowed parole eligibility if an offender is sentenced to 30 years or more and after serving 20 years and reaching age 45 was effective in 1990. However, Act 1099 was after Act 790 and was the latest expression of the legislators and

---

60 to 45. 1990 La. Acts No. 790 § 1; see Billard v. Kling, 2010-0352 (La. App. 1 Cir. 2/11/11), 2011 WL 497175 *3 (unpublished).

[5] The office of commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713C(5); Abbott v. LeBlanc, 2012-1476 (La. App. 1 Cir. 3/25/13), 115 So. 3d 504, 505 n. 1.

3

mandated that all offenders convicted of a violent offense after January 1, 1997, must serve 85% of their sentence before becoming eligible for parole consideration. Therefore, an offender can become parole eligible based on Act 790, but if the offense is a violent offense he must also meet the requirements of Act 1099. [Marchand] would not be eligible for parole, Act 790 made him eligible to have a date, but the crime of violence makes him eligible after serving 85%....Therefore, the parole eligibility date of 12/27/2030 is correct.

The commissioner thereafter reviewed the record and determined that DPSC provided an accurate account of Acts 790 and 1099 in its amended second step response. Furthermore, the commissioner independently calculated that Marchand's parole eligibility date of December 27, 2030 was correct. Accordingly, the commissioner recommended that DPSC's decision be affirmed and Marchand's petition for judicial review be dismissed. On March 13, 2020, Marchand filed a traversal to the commissioner's recommendation. On April 2, 2020, after a *de novo* review of the record, the district court signed a judgment that affirmed the DPSC's decision and dismissed Marchand's petition for judicial review with prejudice. From this judgment, Marchand appeals.

## LAW AND DISCUSSION

Louisiana Revised Statutes 15:1177 sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing DPSC's administrative decisions. Judicial review is mandated to be conducted by the trial court without a jury and must be confined to the record. La. R.S. 15:1177A(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S.

4

15:1177A(9).

On review of the district court's judgment under La. R.S. 15:1177, the appellate court reviews the administrative record *de novo*, owing no deference to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Johnson v. Louisiana Department of Public Safety and Corrections*, 2019-1244 (La. App. 1 Cir. 5/11/20), 304 So.3d 426, 433.

On appeal, Marchand contends he did not receive a fair and impartial review, and the district court merely agreed with DPSC because he is incarcerated. On appeal, Marchand's primary argument appears to be that under the law in effect in 2015, Act 790 specifically excluded persons who had been convicted of a crime of violence as defined in R.S. 14:2B, but at the time he committed the crimes for which he was convicted (1997), La. R.S. 14:2B was not in effect, and therefore he should be rewarded with parole consideration upon serving at least twenty years of his term of imprisonment and upon reaching the age of forty-five.

As noted above, Marchand contends he is eligible for parole consideration based upon Act 790, which became effective in 1990. At the time Marchand committed the crimes of attempted second degree kidnapping, aggravated burglary, and second degree kidnapping in September 1997, Act 1099, which had an effective date of January 1, 1997, provided that a person convicted of a crime of violence shall serve at least eighty-five percent of the sentence imposed before being eligible for parole. Further, in September 1997, pursuant to La. R.S. 14:2(13), the offenses, and attempts to commit them, of second degree kidnapping and aggravated burglary were enumerated as "crimes of violence".[6]

Where two statutes deal with the same subject matter, they should be harmonized if possible, as it is the duty of the courts, in the construction of

---

[6] La. R.S. 14:2(13) was subsequently renumbered as 14:2B.

statutes, to harmonize and reconcile laws. *Black v. St. Tammany Parish Hospital*, 2008-2670 (La. 11/6/09), 25 So. 3d 711, 717. However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. *Id.* at 717-18. Further, under general rules of statutory construction, the latest expression of the legislative will is considered controlling. *Pumphrey v. City of New Orleans*, 2005-0979 (La. 4/4/06), 925 So. 2d 1202, 1210.

Act 790 is a general rule that addresses the eligibility of persons for parole consideration based on the length of sentence, the length of incarceration, and the person's age. Act 1099 is a specific prohibition from consideration for parole eligibility for persons convicted of certain offenses. See *Billard v. Kling*, 2010-0352 (La. App. 1 Cir. 2/11/11), 2011 WL 497175 *5 (unpublished). To the extent the language in both provisions conflicts, the more specific statute, Act 1099, prevails as an exception to the more general statutory provision, Act 790. See *Billard*, 2011 WL 497175 at *5. Moreover, as recognized by the commissioner, Act 1099, enacting La. R.S. 15:574.4B, was the latest pronouncement of the law when Marchand committed the crimes of which he was convicted.

For these reasons, after *de novo* review, we conclude that DPSC properly denied Marchand's request for administrative relief, and the district court correctly dismissed the petition for judicial review.

## CONCLUSION

For the above and foregoing reasons, the judgment affirming the decision of the Department of Public Safety and Corrections and dismissing the suit with prejudice is affirmed. All costs of this appeal are assessed against James Marchand.

**AFFIRMED.**