Judgment rendered February 8, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,824-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LAUREL R. BRIGHTWELL, HUGO
A. HOLLAND, JR., RICHARD M.
WALFORD, III, JAMES W.
GRAVES, DON G. BETHEL, BERT
G. MOORE, TERRENCE "TERRY"
SULLIVAN, II, JOHN G. GRIFFIN,
ALFRED D. JOHNSON, JR.,
ROBERT W. LARE, JR., ROBERT
N. BURGESS, GEORGE
CARROLL, CLARENCE "CHRIS"
ERICKSON, III, CHARLES R.
LABORDE, J. PEYTON
LABORDE, JOHN R. BARNWELL,
MARK A. ROBERTS, DAVID N.
AUSTIN, WILLIAM P. JOHNSON,
MARK BRUNETTIN, VINCENT D.
RICE, JR., SHREVEPORT
AIRPORT HANGAR OWNERS
ASSOCIATION, ROYAL WINGS
AVIATION, INC., JUST PLANE
FUN, LLC, TEX-PETRO
SERVICES, LLC, FITELANDS,
LLC, FITE PROPERTIES, LLC,
MORAN AIR, LLC, TEIL
PROPERTIES LLC, KIMAIR, LLC,
SHREVEPORT FLYERS, LLC,
ROBERTS AVIATION, LLC AND
HORIZON AVIATION LAND
COMPANY, LLC

Plaintiffs-Appellees

versus

CITY OF SHREVEPORT AND
JONATHAN REYNOLDS

Defendants-Appellants

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 622630

Honorable Ramon Lafitte, Judge

* * * * *

MAYER, SMITH & ROBERT, LLP                    Counsel for Appellants
By:  Deborah S. Baukman
     Marcus E. Edwards

HARPER LAW FIRM, APLC                         Counsel for Appellees
By:  Jerald R. Harper
     Anne E. Wilkes

* * * * *

Before STONE, STEPHENS, THOMPSON, JJ.

**STONE, J.**

## OVERVIEW

This civil case began, in the First Judicial District Court, the Honorable Ramon Lafitte presiding, as an action to enforce Open Meetings Law in response to the City's procedurally improper reappointment and confirmation of Jonathan Reynolds to the Shreveport Airport Authority ("SAA"). The City of Shreveport ("the city") and Jonathan Reynolds are the defendants herein. Eventually, after much discovery and litigation, the city cured the defect in Reynolds' reappointment pursuant to a procedurally proper City Council vote. The plaintiffs[1] agreed that this mooted their action as to the primary relief they requested, to wit: (1) a judgment declaring the reappointment null; (2) an injunction against future procedurally defective appointments; (3) an injunction against Jonathan Reynolds serving on the SAA board. However, the plaintiffs' claim for attorney fees was not mooted. The trial court, after a hearing wherein documentary evidence was submitted along with oral argument, granted the plaintiffs' the full amount of attorney fees requested – approximately $126,000. This was based on roughly 620 hours billed: 216.05 hours billed by lead counsel Jerald Harper at $295 per hour; 161.25 hours billed by junior counsel Anne E. Wilkes at $225 per hour; and 243.3 hours billed by paralegal Toye Mosley at $100 per hour.

---

[1] Laurel R. Brightwell; Hugo A. Holland, Jr.; Richard M. Walford, III; James W. Graves; Don G. Bethel; Bert G. Moore; Terrence Sullivan, II; John G. Griffin; Alfred D. Johnson, Jr.; Robert W. Lare, Jr.; Robert N. Burgess; George Carroll; Clarence Erickson, III; Charles R. Laborde; J. Peyton Laborde; John R. Barnwell; Mark A. Roberts; David N. Austin; William P. Johnson; Mark Brunettin; Vincent D. Rice, Jr.; Shreveport Airport hangar owners Association; Royal Wings Aviation, Inc.; Just Plane Fun, LLC; Tex-Petro Services, LLC; Fitelands, LLC; Fite Properties, LLC; Moran Air, LLC; Teil Properties, LLC; Kimair, LLC; Shreveport Flyers, LLC; Roberts Aviation, LLC; and Horizon Aviation Land Co., LLC.

The city appeals the attorney fee award on the grounds that the amount awarded is unreasonable. The defendants also urge that Jonathan Reynolds' exception of no cause of action should have been granted. The plaintiff's filed an answer to appeal praying for an award of further attorney fees stemming from this appeal.

**FACTS AND PROCEDURAL HISTORY**

Because this appeal concerns whether the attorney fees award to the plaintiffs is reasonable it is necessary for this court to examine in detail the actions and efforts undertaken by plaintiffs' counsel in prosecuting this case, as well as the outcomes thereby obtained.

In their Original Petition for Enforcement of Open Meetings Law, the plaintiffs allege that the reappointment and confirmation of Jonathan Reynolds at the City Council meeting on January 14, 2020, violated the Open Meetings Law in that: (1) the reappointment was not on the agenda; (2) it was added to the agenda by motion during the meeting without allowing the public an opportunity for comment; and (3) the reappointment was confirmed by a vote of the City Council. The plaintiffs attached to their petition a copy of the agenda and minutes of the January 14, 2020, meeting. Those documents support the allegations in the petition.

Importantly, the plaintiff's petition also includes allegations regarding an ongoing dispute between the SAA and tenants of the airport hangers – over lease terms and conditions – which is currently in litigation in a separate case in district court. Some plaintiffs in this case are plaintiffs in the other case as well. The petition in the instant case includes a statement that Jonathan Reynolds "displayed a particularly adversary attitude towards the tenants, often clashing with them." This set of allegations culminates in

2

paragraph 17 of the petition. Therein, the plaintiffs admit that the defendants' intent in violating the Open Meeting Law is immaterial to the instant action, but nonetheless state, in effect, that the ongoing lease dispute being litigated in the other case motivated the violation of the Open Meetings Law concerned in the instant case. (This line of argument will sometimes hereinafter be referred to as "subterfuge theory").

Based on those allegations, the plaintiff sought the following items of relief: (1) judgment declaring that the reappointment of Jonathan Reynolds at the January 14, 2020, City Council meeting violated the Louisiana Open Meetings Law and is null and void; (2) an injunction prohibiting Jonathan Reynolds from taking any action in his capacity as a member of the SAA board; (3) an injunction against the city of Shreveport for taking further action to appoint Mr. Reynolds or anyone else in violation of Open Meetings Law; and (4) an award of attorney fees.

In its answer and subsequent pleadings and motions, the city invoked La. R.S. 42:19(A)(1)(b)(ii)(cc) – hereinafter, the "instanter amendment" provision – which authorizes a public body to take up a matter not on the agenda if, *after opportunity for public comment thereon*, the members of the body present at the meeting unanimously vote in favor of taking up the matter. This provision also states that a public body "shall not" use this authorization as a "subterfuge" to defeat the purposes of the Open Meetings Law. [2]

The plaintiffs caused the issuance of subpoenas duces tecum and notices of deposition to the mayor and to Jonathan Reynolds, who, in turn,

_____

[2] Throughout the record, the plaintiffs' counsel repeatedly refers to this provision as the "good-faith" exception to the Open Meetings Law.

3

moved to quash and obtain protective orders against the subpoenas and deposition notices on the ground that they sought irrelevant information. In the Motion for Protective Order, the defendants objected to the following items demanded in the subpoena duces tecum:

- (1) complaints and/or grievances of SAA tenants about Jonathan Reynolds and/or the SAA board, including but not limited to this lawsuit;

- (2) any and all documents which relate to the SAA or any current or prospective airport tenants.[3]

The defendants also objected to the following deposition topics:

- (1) all communications involving any board member or staff of the SAA or city of Shreveport officials which relates or pertains to SAA tenant complaints about the conduct of any board members of the SAA, and/or complaints regarding any policies or actions of the SAA;

- (2) all communications relating to complaints about the conduct of Jonathan Reynolds as a board member of the SAA that was received by any SAA board member and/or staff, member of City Council, the Mayor of the city of Shreveport, and/or any member of the mayor's staff.[4]

---

[3] All of the information demanded via the plaintiffs' subpoenas duces tecum is completely unnecessary for the plaintiffs to prove violation of the Open Meetings Law; specifically, the plaintiffs demand from Jonathan Reynolds and the mayor, collectively: (1) all documents related to Jonathan Reynolds' appointment or reappointment to the SAA board; (2) all documents which relate to the agenda of the Shreveport city council with respect to appointments or reappointments to the SAA board; (3) all documents related to complaints of SAA tenants about Jonathan Reynolds or the SAA board; (4) all documents for the time period from January 1, 2017, to the present which relate to SAA and any tenant, current or prospective, at any Shreveport Airport; (5) all documents relating to the Federal Aviation Authority; (6) all documents relating to current or future leases at any Shreveport Airport.

[4] The deposition topics likewise consisted entirely of unnecessary information; to wit: (1) all communications between city officials and/or between city officials and Jonathan Reynolds relating to his reappointment; (2) identification and description of all communications relating to Jonathan Reynolds' reappointment to the SAA board and/or placing his matter on the agenda; (3) from June 1, 2019, to present, all communications between city officials pertaining to Jonathan Reynolds and the city council agenda of June 1, 2019; (4) all facts which reflect why the appointment or reappointment of Jonathan Reynolds was placed on the agenda on January 14, 2020; (5) all communications involving any board member or staff of the SAA or the city relating to SAA tenant complaints about the conduct of SAA board members or SAA policies or actions; (6) all communications relating to complaints about the actions and/or conduct of Jonathan Reynolds as a board member of the SAA that was received by any SAA board member or staff, or a member of city council; the mayor; or any member of the mayor's staff.

4

On September 22, 2020, the plaintiffs filed a Motion for Adverse Inferences based on: (1) the defendants' non-production of discovery materials demanded in the aforementioned subpoenas duces tecum issued to the mayor and to Jonathan Reynolds (the materials requested are listed in footnote 3 hereof); and (2) the city's invocation of the legislative privilege to prevent the testimony of City Council members in this case.

On October 5, 2020, the plaintiffs filed notice of intent to introduce evidence pursuant to La. C.E. art. 404(B) to show that the violation of the Open Meetings Law involved in this case is part of a larger pattern of similar violations by the City Council.[5]

On October 15, 2020, the plaintiffs filed a Motion to Compel the defendants to produce the following discovery items: (1) all SAA meeting agenda and minutes and the "documents" referenced therein, including recordings of such meetings; (2) an exhibit list; witness list, including any experts; (3) list of all persons known by the defendants to have knowledge of the factual matters relating to the reappointment of Jonathan Reynolds to the SAA; (4) all documents relating to items (2) & (3) in this list.

Also, on October 15, 2020, the defendants filed a Motion in Limine to exclude evidence regarding a "pattern and practice" of the City Council regard to other meetings or meetings of the SAA on the ground that such evidence would be irrelevant to the instant matter. The motion also, in effect, requested a protective order prohibiting or limiting the deposition of City Council members on the same basis.

---

[5] This is another red herring. Even if it is true that the instant violation is part of a larger pattern, it makes no difference to the outcome of this case.

5

On October 27, 2020, the plaintiffs filed an opposition to the Motion in Limine wherein they argued that the "pattern and practice" evidence is relevant to the plaintiffs' subterfuge theory, and is admissible pursuant to La. C.E. arts. 404(B) and 406. They also filed an opposition to the defendants' Motion for Protective Order. The court held a hearing on October 28, 2020, regarding the plaintiffs' Motion to Compel and Motion for Adverse Inferences, and the defendants' Motion in Limine and Motion for Protective Order.

On November 25, 2020, the plaintiffs filed a "Re-urged and Supplemental Motion to Compel," whereby they prayed for an order compelling the defendants to produce "all…recordings of SAA meetings from January 1, 2020, to present."

On December 8, 2020, the plaintiffs filed a 40 page "Supplemental Reply Memorandum in Support of (1) Motion for Adverse Inferences; (2) Motion to Compel; And (3) Re-urged and Supplemental Motion to Compel." The court held hearings in this matter on December 10, 2020, and January 7, 2021.

On June 4, 2021, the plaintiffs filed a Motion for Partial Summary Judgment ("MSJ") asserting that there is no genuine issue of material fact regarding City Council's violation of the Open Meetings Law in that it took up Jonathan Reynolds' reappointment without opportunity for public comment, even though this reappointment was not on the agenda. In the MSJ, the plaintiffs requested a judgment declaring Jonathan Reynolds' reappointment null as a result of the failure to allow opportunity for public comment in violation of the Open Meetings Law. The plaintiffs did not request any injunctive relief in connection with the MSJ.

In the support brief for the MSJ, the plaintiffs state:

> There is no genuine issue of fact as to the primary issue of this case: when the time came at the City Council meeting on January 14, 2020 to seek unanimous consent, the City Council committed a significant error which rendered its actions a nullity…[I]t failed to provide any notice to the public as to the consideration in voting on the appointment of Mr. Reynolds; and, then, critically, it failed to seek public comment as to same

Furthermore, plaintiffs' counsel asserts that "[t]here is no dispute that [the] city violated the open meetings law when it failed to permit public comment on the vote to confirm the re-appointment of Jonathan Reynolds."

Thereafter, on October 4, 2021, the city cured the grounds for the enforcement suit by ratifying the appointment of Reynolds via a procedurally proper vote. The enforcement suit was mooted by this curative action.

At that point, the plaintiffs filed a Motion for Attorney Fees pursuant to La. R.S. 42:26(C), which gives the court discretion to award attorney fees to a party who brings an enforcement action and prevails *only in part*. The court held a hearing on September 27, 2021, wherein it received evidence and oral argument regarding the Motion for Attorney Fees. The evidence included: (1) two affidavits by Jerald Harper, lead counsel for the plaintiffs, regarding his activities in prosecuting the case and the justification for his hourly rate of $295 (with attachments); (2) an unredacted copy of the invoices for Harper Law Firm; (3) an unredacted copy of the invoices for counsel for the City; and (4) a summary of the attorney fees incurred by the city.[6]

---

[6] Harper affidavit, R. 698-700 (exhibit S); supplemental Harper affidavit, R. 760-763 (exhibit U); city's attorney fees summary, R. 764, (exhibit V). These exhibits provide a schedule of the plaintiffs' counsels' fee billings, including the date of invoice, the number of hours billed for each particular invoice date, and the total charge for each particular date; however, no

7

On October 4, 2021, while the Motion for Attorney Fees was still pending, the parties filed a joint motion to, essentially, declare all matters other than the Motion for Attorney Fees moot due to the City Council's ratification of the reappointment of Jonathan Reynolds in a manner compliant with the Open Meetings Law.

The trial court had its final hearing in this matter on November 30, 2021,[7] and granted the full amount of attorney fees demanded by the plaintiffs. The city appeals the trial court's award of approximately $126,000 in attorney fees to the plaintiffs on the following grounds (1) the amount of attorney's fees awarded is unreasonable and an abuse of discretion; and (2) Jonathan Reynolds' exception of no cause of action should have been granted in the trial court.

## DISCUSSION

**Standard of review**

Attorney fee awards are reviewed for abuse of discretion. *Williams v. Haley*, 2020-00858 (La. 10/20/20), 303 So. 3d 302. Recently, in *Bamburg v. Air Sys., LLC*, 53,848 (La. App. 2 Cir. 4/14/21), 324 So. 3d 213, a panel of this court applied the abuse of discretion standard to a trial court determination of which party was the "prevailing party."

**Discovery; relevance**

La. C.C.P. art. 1422 states that "[p]arties may obtain discovery regarding any matter, not privileged, which is *relevant to the subject matter*

---

description of the services rendered on particular dates or otherwise is provided. Nor is there any explanation of the relationship between when the services were actually rendered and when they were invoiced per the schedules.

[7] This was the first hearing in which only one attorney for the plaintiffs was in attendance. All of the prior hearings were attended by both Mr. Harper (at $295 per hour) and Ms. Wilkes (at $225 per hour).

8

*involved in the pending action.*" (Emphasis added). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Thus, relevance, for the purpose of a particular case, is established by the substantive law governing that case –that is what determines which facts are "of consequence."

**Open Meetings Law**

The instanter amendment provision of the Open Meetings Law[8] is the governing law regarding whether the reappointment in question was valid; it states:

> Upon unanimous approval of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. Any such matter shall be identified in the motion to take up the matter not on the agenda with reasonable specificity, including the purpose for the addition to the agenda, and entered into the minutes of the meeting. *Prior to any vote on the motion to take up a matter not on the agenda by the public body, there shall be an opportunity for public comment on any such motion in accordance with R.S. 42:14 or 15. The public body shall not use its authority to take up a matter not on the agenda as a subterfuge to defeat the purposes of this Chapter.* (Emphasis added).

La. R.S. 42:19(A)(1)(b)(ii)(cc). Thus, to establish a violation of the Open Meetings Law, a plaintiff in an enforcement suit need *only* prove that: (1) the matter was not on the agenda published with respect to the meeting; and (2) the public body voted on the motion to take up the matter without first providing an opportunity for public comment (or without unanimous approval of all members present). The statute prescribes no consequences

---

[8] The Louisiana Open Meetings Law is codified in Sections 11 through 29 of Title 42 of the Louisiana Revised Statutes.

for its use as a subterfuge; therefore, a plaintiff who, in addition to proving the two essential elements, *supra*, also proves subterfuge is not entitled to any greater relief on that basis. If a plaintiff proves both of the above elements, the plaintiff is entitled to have the action so taken by the public body declared void – *even if* the plaintiff does *not* also prove that the public body used the instanter amendment provision as a subterfuge.[9] Conversely, if the plaintiff fails to prove both of these elements, he will not be entitled to relief even if he *does* successfully prove subterfuge. To hold otherwise would lead to absurd consequences. Nonetheless, we are mindful that:

> [E]very word, sentence…or provision in a law is presumed
> to be intended to serve some useful purpose,
> that some effect is given to each such provision, and
> that no unnecessary words or provisions were employed…
> Consequently, courts are bound, if possible,
> to give effect to all parts of a statute and
> to construe no sentence…or word as meaningless and surp
> lusage if a construction giving force to…all words can legi
> timately be found.

*Black v. St. Tammany Par. Hosp.*, 2008-2670 (La. 11/6/09), 25 So. 3d 711, 717.

In relevant part, La. R.S. 42:24 states that "any action taken in violation of this Chapter shall be voidable by a court of competent jurisdiction." This provision's use of the word "voidable" indicates that official actions taken in violation of the Open Meetings Law are *relative* nullities, not absolute nullities, and thus can be cured:

> A simple reading of this section compels the conclusion
> that an action taken by a public body without compliance
> with the Open Meeting Law is not an absolute
> nullity. General law and common sense dictate that a
> resolution which is not absolutely null and void, which
> came into being and existence when adopted, but which
> may be subsequently declared void because of technical
> violations of the law, may be corrected by ratification,

---

[9] The plaintiff may also obtain other relief as appropriate under the circumstances.

provided the ratification is adopted after full compliance with the law. (Internal citations omitted).

*Brown v. Monroe Mun. Fire & Civ. Police Serv. Bd.*, 52,537 (La. App. 2 Cir. 12/17/18), 262 So. 3d 985, 988–89.

La. R.S. 42:26 (C) provides for awards of attorney's fees, as follows:

If a party who brings an enforcement proceeding…*prevails*, the *party* **shall** *be awarded reasonable attorney fees* and other costs of litigation. If such party *prevails in part, the court* **may** *award the party reasonable attorney fees or an appropriate portion thereof.* (Emphasis added).

**Reasonableness of amount of attorney fee award**

In *Rivet v. State, Dep't of Transp. & Dev.*, 96-0145 (La. 9/5/96), 680 So. 2d 1154, 1161–62, the Supreme Court declared that the Louisiana judiciary possesses inherent authority to evaluate the reasonableness of attorney fees:

Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. *State, DOTD v. Williamson,* 597 So. 2d 439, 441–42 (La.1992) and cases cited therein.

The Louisiana Supreme Court, in *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13), 118 So. 3d 343, 348, adopted the so-called "lodestar" method:

[T]he initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, otherwise known as the "lodestar method." A "reasonable hourly rate" is to be calculated according to the prevailing market rates in the relevant community. The amount of the fee, of course, must be determined on the facts of each case.

11

**Analysis**

***Prevailing party.***   The trial court did not abuse its discretion in finding that the plaintiffs prevailed in light of City Council's ratification curing the grounds for the Open Meetings Law suit.  The plaintiffs thereby obtained, in part, what they sought in the instant lawsuit: opportunity for public comment on the reappointment of Jonathan Reynolds.   It can be reasonably inferred that the city would not have undertaken this curative ratification had the plaintiffs not brought the suit, obtained a copy of the recording of the January 14, 2020 meeting, and filed a motion for summary judgment.  Accordingly, the trial court had the discretion to award "reasonable attorney fees or an appropriate portion thereof," or to award no attorney fees at all.

***Reasonableness of attorney fees***.  The trial court did not abuse its discretion in granting the plaintiffs relief at the hourly rates they requested.  However, under *Covington, supra,* the trial court nonetheless could only award attorney fees to the extent of the billable hours "reasonably expended" in the plaintiffs' prosecution of the case.  The city's original position – that the January 14, 2020, reappointment of Jonathan Reynolds was valid – was legally and factually untenable from the beginning. The city could and should have cured the defective appointment through ratification without any litigation, and to the extent that the city's recalcitrance reasonably necessitated the plaintiffs' incurrence of attorney fees, the city should be liable for those attorney fees.

The city argues that the plaintiffs' "subterfuge theory" is a false issue designed to gin up billable hours – the involvement of a subterfuge (in an action relying upon the instanter amendment provision) is *neither necessary*

12

*nor sufficient* in a suit to establish violation of the Open Meetings Law or relief under La. R.S. 42:26. In other words, the city's argument is that whether or not a subterfuge was involved is of *no consequence* to the determination of whether the Open Meeting Law was violated. In essence, the plaintiffs unequivocally agree with that argument by the city throughout the record.[10]

Despite the foregoing realities, we affirm. That is primarily because the Legislature included language prohibiting the use of the instanter amendment provision as a subterfuge to defeat the purpose of the Open Meetings Law. Even though proof of such subterfuge is unnecessary and insufficient to prove violation of the Open Meetings Law, the abuse of discretion standard of review requires this result. To hold otherwise would convey a lack respect for the text of the legislation and failure to recognize that plaintiff's counsel was arguably justified in spending presumably over 600 hours pursuing subterfuge theory as an exercise of abundant caution and thoroughness.

---

[10] The plaintiffs' counsel admits these points throughout the record. For example, plaintiff's counsel admits in the brief supporting plaintiffs' MSJ that "findings of improper intent… are not necessary to…resolution [of this matter]." The plaintiffs further explain:

> There is no genuine issue of fact as to the primary issue of this case: when the time came at the City Council meeting on January 14, 2020, to seek unanimous consent, the City Council committed a significant error which rendered its actions a nullity…[I]t failed to provide any notice to the public as to the consideration in voting on the appointment of Mr. Reynolds; and, then, critically, it failed to seek public comment as to same.

Elsewhere, plaintiffs' counsel asserts that "[t]here is no dispute that [the] city violated the open meetings law when it failed to permit public comment on the vote to confirm the re-appointment of Jonathan Reynolds." Another example is found in the plaintiffs' memorandum in support of their Motion for Adverse Inferences. Therein, plaintiff's counsel argues that City Council's invocation of the instanter amendment provision "was a subterfuge to defeat the Public Meetings Law," and, regardless, "*the counsel's failure to permit public comment before the vote for reappointment rendered the action by the Council invalid, without regard to its improper intent. This latter defect, standing alone, is outcome determinative.*" (Emphasis added).

***Exception of no cause of action.***  Jonathan Reynolds' exception of no cause of action is mooted by the rendition of the amended judgment not naming him as a debtor thereto.

**CONCLUSION**

The judgment awarding attorney fees to the plaintiffs is **AFFIRMED**. All costs associated with this appeal are assessed to the City of Shreveport in the amount of $4,161,15.  La. R.S. 13:5112.  The plaintiffs' supplemental answer to appeal is **GRANTED** and we hereby render judgment in favor plaintiffs, Laurel R. Brightwell, Hugo A. Holland, Jr., Richard M. Walford, III, James W. Graves, Don G. Bethel, Bert G. Moore, Terrence "Terry" Sullivan, II, John G. Griffin, Alfred D. Johnson, Jr., Robert W. Lare, Jr., Robert N. Burgess, George Carroll, Clarence "Chris" Erickson, III, Charles R. Laborde, J. Peyton Laborde, John R. Barnwell, Mark A. Roberts, David N. Austin, William P. Johnson, Mark Brunettin, Vincent D. Rice, Jr., Shreveport Airport Hangar Owners Association, Royal Wings Aviation, Inc., Just Plane Fun, LLC, Tex-Petro Services, LLC, Fitelands, LLC, Fite Properties, LLC, Moran Air, LLC, Teil Properties LLC, Kimair, LLC, Shreveport Flyers, LLC, Roberts Aviation, LLC and Horizon Aviation Land Company, LLC and against the defendant, City of Shreveport, in the amount of $17,087.45.